CITY OF GAHANNA, APPELLEE, *v.* EASTGATE PROPERTIES, INC., APPELLANT.

[Cite as Gahanna *v.* Eastgate Properties, Inc. (1988), 36 Ohio St. 3d 65.]

(No. 87-563—Decided April 13, 1988.)

*Murphey, Young & Smith* and *William A. Klatt,* for appellee.

*Kagay, Albert & Diehl, Jon R. Philbrick* and *David K. Lowe,* for appellant.

HILDEBRANDT, J. Eastgate initially challenges the appellate court's reversal of the award of attorney fees. Generally, a prevailing party may not recover attorney fees as costs of litigation in the absence of statutory authority unless the breaching party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons. *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177, 75 O.O. 2d 224, 347 N.E. 2d 527. This is commonly known as the "American rule." However, Eastgate maintains that it is entitled to an award of attorney fees, as damages in defending against Gahanna's forcible entry and detainer action, because the action amounted to a breach of the covenants of warranty of ownership and/or quiet enjoyment contained in the lease.[2] Basically, Eastgate cites *McAlpin* v. *Woodruff* (1860), 11 Ohio St. 120, and *Lane* v. *Fury* (1877), 31 Ohio St. 574, in support of its contention.

In *McAlpin, supra,* the trial court awarded a lessee attorney fees for defending a dower claim brought by the lessor's widow. The lessor's estate was held liable because the lessee was forced to defend the lessor's title to the property. While the lease included a covenant of quiet enjoyment, the specific rationale for the award of attorney fees was not stated.[3]

In *Lane, supra,* Mary Ward and

---

[2] Paragraphs 1.02 and 1.03 of the lease read, respectively:

"1.02 *Lessor Warranty of Ownership.* Lessor hereby represents and warrants that Lessor is the owner in fee simple absolute of the Premises free of all liens and encumbrances other than restrictions in respect to the use and operation of the Premises and easements as such restrictions and easements exist of record as of the date of execution of this lease, a copy of which has been furnished by Lessor to Lessee. Lessee accepts the Premises, subject to such restrictions and easements.

"1.03 *Quiet Enjoyment.* Lessor covenants and agrees that Lessee on paying the rent and other charges herein provided for and observing and keeping the covenants, conditions and terms of this lease on Lessee's part shall lawfully and quietly hold, occupy, and enjoy the Premises during the term of the lease without hindrance or molestation of Lessor or any person claiming under Lessor."

[3] After a careful reading of *McAlpin, supra,* it does not appear that the trial court's award of attorney fees was ap-

her husband sold real estate to John Lane. However, the deed was fatally defective due to an improper acknowledgement by Mrs. Ward. John Lane subsequently conveyed the property to Cornelius Lane, who in turn sold it to Anna Fury. This conveyance included the grantor's warranty to defend the premises against the claims of others. After Mary Ward's death, her heirs brought a suit for possession of the real estate, prompting Mrs. Fury to bring an action which successfully corrected Mrs. Ward's acknowledgement. Mrs. Fury then sued her grantor, and obtained a judgment for her expenses, including attorney fees, incurred as a result of her action to quiet title. This court refused to reverse that portion of the judgment awarding attorney fees.

Both *McAlpin* and *Lane, supra,* are distinguishable from the cause *sub judice.* Those cases stand for the proposition that where a party is "* * * evicted by reason of a *paramount title,* * * * his damages for the breach may include an allowance for counsel fees." (Citations omitted and emphasis added.) *Gates* v. *Toledo* (1897), 57 Ohio St. 105, 48 N.E. 500. Here, there is no allegation that paramount title resided in anyone other than Gahanna. Both *McAlpin* and *Lane, supra,* concern the situation where an individual is compelled to defend his grantor's title in the land. That is not the case here. Accordingly, *McAlpin* and *Lane* are not applicable to the case at hand.

Gahanna initiated the instant forcible entry and detainer action because it believed Eastgate breached the terms of the lease. The lease contains no provision which would render Gahanna liable for attorney fees in the event that it was unsuccessful in a forcible entry and detainer proceeding. Further, there is no statutory basis for such an award. Eastgate does not contend that Gahanna acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons. Accordingly, we hold that Eastgate was not entitled to an award of attorney fees because of its defense of Gahanna's forcible entry and detainer suit.

Eastgate also challenges the lower court's denial of damages for lost profits. This contention fails because Eastgate did not present sufficient evidence to establish these damages. The only testimony regarding lost profits came from Eastgate's president, Robert Delaplane. He testified that his company sustained lost profits of $137,999 from July 1983 through September 1985; in addition, he testified that the Gahanna site would have appreciated $240,000 in value during the term of the lease. To arrive at these figures, Delaplane compared the Gahanna project to his existing Columbus self-storage facility. Delaplane opined that the marketability of the Columbus facility would be comparable to the nonexistent Gahanna facility. He noted, however, that the proposed Gahanna operation differed from the Columbus facility in that the mini-office and warehouse complex would have been unique to the Gahanna facility.[4] While there were competing self-storage facilities in the vicinity of the

---

pealed. However, this court did observe that "* * * [the trial court] also rightfully gave the plaintiff his costs and counsel fees in defending against the claim of the widow." *Id.* at 130.

[4] Delaplane testified as follows concerning the appreciation in the value of the Gahanna site:

"I took an increase in value and approximately the same percentage on Eastgate and then toned it down for a lot of potential variables to come up with $240,000.00 if it had been allowed to be completed in '83 to the worth today. The $240,000.00 compares to the $440,000.00 that the * * * [Columbus facility] has increased in value."

Gahanna site, there was no evidence presented concerning the profitability or appreciation in value of those complexes.

In *Charles R. Combs Trucking, Inc.* v. *International Harvester Co.* (1984), 12 Ohio St. 3d 241, 12 OBR 322, 466 N.E. 2d 883, this court set forth the following three-pronged test for recovery of lost profits in contract actions, stating in paragraph two of the syllabus:

"Lost profits may be recovered by the plaintiff in a breach of contract action if: (1) profits were within the contemplation of the parties at the time the contract was made, (2) the loss of profits is the probable result of the breach of contract, and (3) the profits are not remote and speculative and may be shown with reasonable certainty."

Eastgate argues that all that must be shown with reasonable certainty is the *existence* of future profits. Thus, Eastgate further argues, the courts below erred when they required the amount of the lost profits to be proven with reasonable certainty. Presumably, some other lower standard should be applied to determine the amount of the lost profits.

We disagree. Eastgate's contention would divide the final prong of the test into separate parts. First, the existence of some lost profits would have to be shown with reasonable certainty and, second, the amount of those profits could then be shown by applying a lesser standard. However, the third prong is but a single hurdle. We hold that in order for a plaintiff to recover lost profits in a breach of contract action the amount of the lost profits, as well as their existence, must be demonstrated with reasonable certainty.

Eastgate argues that Delaplane's testimony is sufficient evidence of both the existence and the amount of damages. We disagree. Under the facts of the instant case we concur with the trial court and the court of appeals that Eastgate failed to prove its lost profits with reasonable certainty.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, Acting C.J., LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

HILDEBRANDT, J., of the First Appellate District, sitting for MOYER, C. J.