OPINION
Plaintiff-appellant/cross-appellee, Steven Schnell, appeals a Butler County Court of Common Pleas decision ordering defendants-appellees/cross-appellants, Douglas and Sandra Meyer, to return $5,000 of a $7,000 down payment for the construction of a new home. Schnell complains on appeal that he is entitled to the return of the entire $7,000 sum. Douglas Homes argues that it is entitled to additional damages for breach of contract.
In February 1994, Schnell approached Douglas Homes, a division of Meyer Builders, about construction of a home in the Liberty Knolls Subdivision in Liberty Township, Butler County, Ohio. Douglas Homes and Meyer Builders are sole proprietorships owned by appellees. Schnell talked with a Douglas Homes representative, Kevin Gray, about construction of a four bedroom home on a lot suitable for a rear walk-out basement. Gray showed Schnell a diagram of lots that were marked as appropriate for a rear walk-out basement and Schnell selected "Lot 34."
On March 21, 1994, Schnell signed a document entitled "Agreement of Sale," to purchase a basic model home on Lot 34 for $149,700. Schnell paid Douglas Homes $2,000 as a "non-refundable" deposit and agreed to pay an additional $5,000 down payment before construction was to begin. The agreement provided Schnell with time to finalize options and changes to the basic model.
On June 5, 1994, Schnell met with Gray and selected various options for the house. Those options included cosmetic and structural changes, including a walk-out basement. At this meeting, Schnell signed another Agreement of Sale form that reflected the increased cost of the options, about $12,000. This form was dated June 6, 1994. Gray wrote "void" across the face of the March 21, 1994, document. The new Agreement of Sale noted that the "nonrefundable" $2,000 deposit was "already paid," that a $5,000 down payment was due, and that a "balance" of $155,010 was to be paid at closing. Schnell tendered the $5,000 down payment that day.
Both the March 21 and June 6 Agreement of Sale forms referred to several other documents, including a Contract and a Visitation Policy. Schnell received all of the referenced documents and signed each document separately except for the Visitation Policy.
After visiting Lot 34 at some time in June, Schnell became concerned that the lot was not appropriate for a "natural" rear walkout. Douglas Meyer and Schnell had a telephone conversation about the property in mid-June. Meyer told Schnell that he could make the lot suitable for a rear walk-out basement, but Schnell was apparently not satisfied. The conversation then turned to Douglas Homes' visitation policy. According to Schnell, Meyer told him that he had to sign the Visitation Policy document or Meyer would not build. Meyer denied telling Schnell he would not build the home; he did tell Schnell he could not visit the construction site without a hardhat and without someone to accompany him. Toward the end of the conversation, Schnell told Meyer that the "main thing" was the rear walk-out and said that he did not want Meyer to build the home.
Douglas Homes had not started construction when Schnell told Meyer he did not want the home. Meyer testified, however, that despite his conversation with Schnell he did not consider the parties' agreement terminated since Schnell had not signed a release. Meyer said that he did not consider the parties' deal over until Schnell's attorney contacted him in August and asked for a return of all the money Schnell had paid.
Douglas Homes decided to build a "market home" on Lot 34 to sell after construction. The market home was based on the same basic model selected by Schnell but Douglas Homes changed several of Schnell's options. Meyer said that he would have completed Schnell's home in September 1994. The market home was completed in October 1994. Douglas Homes sold the market home in July 1995 for $8,000 under its list price.
On March 17, 1995, Schnell filed a complaint against appellees in the Butler County Court of Common Pleas seeking the return of the $7,000 he had paid Douglas Homes. On April 21, 1995, appellees filed an answer and counterclaim for breach of contract. The case was tried to the court on November 16, 1995. In its November 27, 1995 decision, the trial court held that the parties had reached a contract and that Schnell unilaterally breached that contract. The court found, however, that Douglas Homes suffered no damages with the exception that "[a]s a result of Schnell's action, the lot was off the market for four to five months." The court held that Schnell's $2,000 deposit to Douglas Homes "was a negotiated penalty for failure to complete the buyer's obligation under the contract." The trial court concluded that appellees had to return the remaining $5,000 to Schnell.
In a single assignment of error on appeal, Schnell insists that the parties never entered into a valid contract and that he is entitled to the return of all the money he paid appellees. In a single cross-assignment of error, appellees contend they are entitled to additional damages for Schnell's breach of contract.
Schnell argues there was no contract. Schnell points to Section Three of the Agreement of Sale which says: "The documents described below and attached hereto shall be deemed an integral part of this Agreement of Sale, as well as other exhibits described herein: Contract, Customer Selection Sheet, Selection Policy, Visitation Policy and Customer Selection." Schnell points out that he never signed the Visitation Policy and complains that he never received a new Contract document when he signed the second Agreement of Sale form. Schnell argues, therefore, that the June 6 agreement was missing two "essential" writings, the Contract and the Visitation Policy.
Schnell is correct that all writings that are part of the same transaction should be interpreted together. See Mantua Mfg. Co. v. Commerce Exchange Bank (1996), 75 Ohio St.3d 1. However, evidence that Schnell did not like Douglas Homes' visitation policy and did not sign the Visitation Policy document does not preclude a trial court finding that there was a valid contract. Moreover, the document entitled Contract that both Schnell and Gray signed provided in part that visits to the building site "must be scheduled through the sales representative within the guidelines established by the Visitation Policy which by this reference is attached and hereby made a part of this contract." Schnell argues that the Contract form was rendered void when Gray wrote "void" on the March 21 Agreement of Sale. Even if this court agreed, Schnell testified at trial that he signed the Contract form in June when he signed the second Agreement of Sale.
On the other hand, there is substantial evidence to support the trial court's finding that the parties reached a binding agreement for the construction of a home on Lot 34. The parties' behavior clearly manifested their mutual assent to contract. Schnell made a "non-refundable" $2,000 deposit according to the Agreement of Sale the parties signed in March 1994. Schnell met with Gray in early June to chose options for the home and the parties signed a second Agreement of Sale to reflect the additional cost. This agreement form was otherwise identical to the first agreement form. Schnell then made the $5,000 down payment called for in the parties' agreement. Douglas Homes reserved Lot 34 and ordered a plot plan and the trusses for construction of the home.
The trial court correctly determined that the parties had created a contract. The evidence also supports the trial court's finding that Schnell breached that contract. The parties' agreement unequivocally called for a non-refundable $2,000 deposit, and the trial court noted that Lot 34 was off the market for four or five months before Schnell's breach. Under these circumstances, the trial court did not err in finding that appellees were entitled to keep Schnell's $2,000 deposit. Schnell's single assignment of error is overruled.
Appellees complain under a single cross-assignment of error that the trial court erred in failing to award damages for lost profits and interest. This court disagrees.
To recover for lost profits, the aggrieved party must demonstrate the existence of such profits "with reasonable certainty." Gahanna v. Eastgate Properties, Inc. (1988), 36 Ohio St.3d 65, paragraph one of the syllabus. The existence and amount of lost profits are factual issues for the trier of fact. Bowlander v. Bowlander (Apr. 7, 1995), Ottawa App. No. OT-93-50, unreported at 17. Thus, this court must determine whether the denial of damages for lost profits and interest was against the manifest weight of the evidence.
Douglas Meyer testified that Schnell's breach cost Douglas Homes $8,000 in profits. He arrived at this figure because the market home constructed on Lot 34 sold for $8,000 below its list price. Meyer also claimed that Douglas Homes lost about $9,000 in interest because the market home did not sell until July 1995. Douglas Homes, however, had not started construction when Schnell told Meyer that he did not want the home built. Although Meyer claimed that he began building the market home with the belief that Schnell might change his mind, he did not build the home to Schnell's specifications. Douglas Homes would not have incurred any interest expense if it had not decided to build a market home on the lot. Douglas Homes might not have had to sell the home for less than list price if it had waited for another buyer before beginning construction. Moreover, there is no way of knowing whether there would have been a reduction in price had the home been built as Schnell had originally requested.
Meyer's testimony regarding lost profits and interest was speculative and the trial court did not err in denying any damages beyond the loss of Schnell's $2,000 deposit. The only clear damages Douglas Homes suffered as a result of Schnell's breach was having Lot 34 off the market between March and June of 1994. The trial court could have properly concluded that Schnell's $2,000 deposit was adequate compensatation for the period that the lot was unavailable. Appellees' cross-assignment of error is overruled.
In summary, the trial court properly ordered appellees to return $5,000 of the $7,000 Schnell had paid to Douglas Homes. The lower court's judgment is affirmed.
WALSH, P.J., and POWELL, J., concur.