OPINION
This timely appeal arises from the denial of Appellant's Motion for Attorney Fees filed pursuant to R.C. § 1345.09(F). For the following reasons, we affirm the decision of the trial court.
In July, 1996, Appellant, James Buist, attempted to purchase a 1993 Buick Regal from Appellees' car dealership. Appellant was told that there was a sale pending on the vehicle but that he could be a backup buyer if the prior customer could not secure financing. Appellant and Appellees entered into a purchase agreement, however, the agreement failed to mention that Appellant was a backup buyer. The prior customer did secure financing. In substitution, Appellees offered a 1994 Buick Regal to Appellant for the same price. Appellant did not accept the substitute vehicle. On October 25, 1996, he filed a Complaint in the Mahoning County Court of Common Pleas alleging that Appellees had violated Ohio's Consumer Sales Protection Act, R.C. § 1345.01, et seq.
A jury trial was held on April 26 through 28, 1999. The jury determined that Appellees had violated R.C. § 1345.02 and Ohio Adm. Code109:4-3-16(B)(22) by failing to include a material representation in the written contract. The jury also found that Appellant had suffered no damages. On May 5, 1999, Appellant filed a motion seeking to alter, amend or set aside the verdict. Appellant also filed a Motion for Attorney Fees pursuant to R.C. § 1345.09(F). On June 10, 1999, the trial court amended the verdict and awarded Appellant $200.00 as provided by statute, R.C. § 1345.09(B). In a separate Judgment Entry, the trial court denied Appellant's motion for attorney fees. It is the latter Judgment Entry that is at issue in this appeal.
In his brief before this Court, Appellant presents one assignment of error, which provides as follows:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO GRANT PLAINTIFF/APPELLANT AN AWARD OF ATTORNEY FEES WHERE, AS HERE, THE DEFENDANT ADMITTED, AND THE JURY SPECIFICALLY FOUND, THAT THE DEFENDANTS HAD VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT."
R.C. § 1345.09(F) states:
 "The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
"* * *
 "(2) The supplier has knowingly committed an act or practice that violates this chapter."
(Emphasis added). The parties do not dispute that Appellant prevailed in his Consumer Sales Practice claim against Appellees.
As a general rule, the prevailing party may not recover attorney fees as costs of litigation in the absence of statutory authority unless the opposing party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons. Gahanna v. Eastgate Properties, Inc. (1988),36 Ohio St.3d 65, 66. R.C. § 1345.09(F) provides that a trial court may award attorney's fees if a supplier knowingly violates R.C. Chapter 1345. Because the trial court is given the discretionary authority to award such fees, we review the denial of a motion for attorney's fees pursuant to R.C. § 1345.09(F) under an abuse of discretion standard.Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143, 146. An abuse of discretion implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
The trial court, by Judgment Entry, entered a general denial of Appellant's motion seeking attorney's fees. Appellant did not request a hearing on his motion, leaving this Court with no hearing transcript to review. Appellant did not request findings of fact and conclusions of law once his motion was denied. Civ.R. 52 provides a means to obtain separate findings of fact and conclusions of law on which a reviewing court can examine the trial court's judgment. Where a party does not request findings of fact and conclusions of law, a reviewing court will presume that the trial court considered all of the relevant factors in making its decision. Carman v. Carman (1996), 109 Ohio App.3d 698, 703. A party who fails to bring an alleged error to the attention of the trial court at a time when the error may be corrected waives the error on appeal. LeFortv. Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 123.
Prior to making an award of attorney's fees under R.C. §1345.09(F), the trial court must make a determination that the supplier "knowingly" committed a consumer sales practice violation. In this context, "knowingly" means that the, "supplier need only intentionally do the act that violates the Consumer Sales Practices Act. The supplier does not have to know that his conduct violates the law * * *". Einhorn v.Ford Motor Co. (1990), 48 Ohio St.3d 27, 30. Again, as Appellant did not request findings of fact and conclusions of law, we cannot review the trial court's determination of this issue without having its findings before us. As earlier stated, because of this absence we must presume that the trial court considered all the relevant factors, including a consideration as to whether Appellee knowingly committed a violation of R.C. § 1345.01, et seq., in rejecting Appellant's motion for attorney's fees.
For the foregoing reasons and based on this presumption we must overrule Appellant's assignment of error and affirm the June 10, 1999 Judgment Entry in full.
DONOFRIO, J., concurs; see concurring opinion, VUKOVICH, J., concurs,