DECISION
Defendants-appellants, Bob Miller Builders, Inc., Millco Properties and Robert M. Miller ("Miller"), appeal from the judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Joseph H. Banks.
This case involves a dispute over a contract to purchase an office condominium. The transaction never closed. By his complaint, appellee alleges that appellants are liable for breach of contract and unjust enrichment. He also contends that he is entitled to pierce the corporate veil and recover from Miller personally. Appellants filed a counterclaim, in which they allege that appellant is liable for breach of contract.
The trial court referred the matter to a magistrate, who conducted a non-jury trial in October 1999. Evidence presented at trial demonstrated the following. On February 21, 1996, appellee and his wife, Diane Banks, entered a purchase agreement to buy Building Number 5 of the Sawmill-Bright Office Park ("Building 5"). Appellee, a pediatrician, intended to use the office space for his expanding medical practice. The purchase agreement identified the Sawmill-Bright Office Park as "A Millco Development," and it identified Bob Miller Builders, Inc., as the seller. Appellee and his wife agreed to pay $600,000, and they gave a $30,000 deposit, which was to be applied to the purchase price at closing. Pursuant to the terms of the agreement, in the event that the transaction did not close, the $30,000 deposit would be: (1) returned to appellee "if Seller fails or refuses to perform its part of this agreement, or any contingency herein is not fulfilled or waived"; or (2) retained by Bob Miller Builders, Inc., "if Buyers refuse or fail to perform Buyers' part of this agreement." The agreement stated that the seller anticipated, but could not guarantee, that Building 5 would be ready for occupancy on or before September 1, 1996.
On February 22, 1996, appellee signed an addendum to the purchase agreement. The addendum stated that appellee would deed an office condominium he owned to "Bob Miller of Millco Development" in exchange for a reduction of $110,000 off the purchase price for Building 5. It also stated that, "[i]f Buyer is unable to obtaine [sic] financing Seller will refund deposit of $30,000." The addendum indicated that the seller of Building 5 was "Bob Miller, Millco Development," and it was signed by "Bob Miller, Seller." It stated that its provisions "supersede[d] any conflicting provisions in the Real Estate Purchase Contract."
The building was not completed by September 1996. Miller testified that construction was delayed due to problems with water and sewer connections, inclement weather and building plans. Appellee testified that he was patient about the delay because the design and location of Building 5 perfectly suited his needs. Construction did not begin until May 1997. Appellee testified that it was always his intention to purchase Building 5.
The development of the Sawmill-Bright Office Park was financed primarily by loans from the Delaware County Bank and Trust ("bank") to Bob Miller Builders, Inc., and Millco Properties. The loans went into default in January 1998. At that time, construction was still underway on Building 5. In an effort to prevent foreclosure on the property, on March 27, 1998, the bank entered into a forbearance agreement with Bob Miller Builders, Inc., and Millco Properties. Among several conditions imposed upon the borrowers, the forbearance agreement required the borrowers to "obtain a written extension of the contract for the sale of building number 5 * * * with such additional terms and conditions as are acceptable to the Bank in its sole discretion." This condition was to be satisfied on or before April 3, 1998.
The parties differ in their accounts of what transpired in response to the threat of foreclosure. Appellee testified that he was, at all times, ready, willing and able to proceed with the contract and purchase Building 5, and that neither he nor his representatives ever indicated otherwise to appellants or the bank. Miller testified that appellee's wife told him that appellee had decided to walk away from the project. Diane Banks denied making any such statement.
On April 10, 1998, appellants' attorney sent a draft Addendum to Purchase Agreement to appellee's attorney. The draft addendum indicated that Building 5 would be ready for occupancy on or before May 15, 1998, and that the closing would occur on or before that date. The draft addendum also imposed additional conditions regarding the $110,000 like-kind condominium exchange. On May 13, 1998, appellee's attorney proposed a counter-draft addendum. Ultimately, the parties failed to agree on the terms of an addendum.
On April 15, 1998, the bank filed a complaint in foreclosure on the development project, including Building 5. Bob Miller Builders, Inc., and Millco Properties negotiated a deal in which they gave the bank a deed in lieu of foreclosure and, on June 24, 1998, the Sawmill-Bright Office Park was transferred to Miller Investment Co., an entity controlled by Miller's relatives. Appellee currently leases office space from Miller Investment Co.
Appellee was never refunded the $30,000 deposit. A certified public accountant testifying on appellee's behalf opined that appellee has also incurred a profit loss of $65,152, which represents the present day dollar value of the cash flow that appellee would have received over a twenty-year period if he had owned Building 5. Miller testified that his company suffered $241,000 in damages because appellee failed to provide him with the assurance necessary to satisfy the terms of the bank's forbearance agreement.
The magistrate found that appellants breached the contract and appellee did not. The magistrate concluded that appellee was entitled to recover the $30,000 deposit and $65,152 in lost profit damages. The magistrate declined to pierce the corporate veil. He concluded, however, that the $30,000 in damages owing to the unrefunded deposit was the joint and several responsibility of Bob Miller Builders, Inc., Millco Properties and Miller in his personal capacity. In reaching this conclusion, the magistrate reasoned that Miller was liable to pay the $30,000 because the addendum stated that the seller of Building 5 was "Bob Miller, Millco Development," the addendum was signed by "Bob Miller, Seller" and the addendum made reference to the obligation to refund the deposit. The magistrate concluded that the remaining damage award of $65,152 was the joint and several obligation of Bob Miller Builders, Inc., and Millco Properties.
The parties filed objections to the magistrate's decision. After conducting an independent analysis, the trial court overruled the objections and adopted the report of the magistrate. Appellants now assert the following assignments of error:
First Assignment of Error
 The trial court erred in concluding defendants breached the real estate contract between the parties.
Second Assignment of Error
 The trial court erred in failing to conclude plaintiff committed an anticipatory breach of the contract.
Third Assignment of Error
 The trial court erred in concluding defendants Millco Properties and Robert M. Miller, individually, were liable under the contract.
Fourth Assignment of Error
 The trial court erred in awarding plaintiff judgment for speculative lost profits.
Fifth Assignment of Error
 The trial court erred in awarding damages that constitute a double recovery.
The standard of review governing this appeal is whether the decision of the trial court is contrary to law. We will not disturb the trial court's judgment if it is "supported by some competent, credible evidence going to all the essential elements of the case." C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. "`If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment.'" Estate of Barbieri v. Evans (1998),127 Ohio App.3d 207, 211.
We address simultaneously appellants' first and second assignments of error, as they both concern the issue of liability for breach of contract. Appellants argue that the trial court erroneously concluded that appellants breached the purchase agreement. They contend that appellee committed an anticipatory breach of contract because he refused to provide assurance that he intended to perform his obligation to pay for Building 5. Appellants argue in the alternative that, even if appellee did not commit an anticipatory breach of contract, he is not entitled to recover damages because his own actions his refusal to provide adequate assurances to assist appellants in avoiding foreclosure proceedings made it impossible for appellants to perform under the contract. We disagree.
"An anticipatory breach of contract by a promisor is a repudiation of the promisor's contractual duty before the time fixed for performance has arrived." McDonald v. Bedford Datsun (1989), 59 Ohio App.3d 38, 40. The repudiation must be expressed in clear and unequivocal terms. Id. To prevail on a claim of anticipatory breach of contract, a plaintiff must establish that there was a contract containing some duty of performance not yet due and, by word or deed, the defendant refused future performance, causing damage to the plaintiff. Id.
We conclude that there was competent, credible evidence presented at trial to support the trial court's conclusion that appellee did not commit an anticipatory breach. Appellee testified that he was always ready, willing and able to honor his obligations under the purchase agreement. Although Miller testified that appellee's wife stated that appellee intended to walk away from the contract, appellee's wife denied making that statement. Nor did appellee's refusal to sign the draft Addendum to Purchase Agreement amount to an anticipatory breach. The proposed addendum contained terms that altered the parties' original agreement. Appellee was under no obligation to accept these new terms, and his refusal to do so has no bearing on his willingness to perform under the original terms of the purchase agreement.
We also reject the argument that appellee prevented appellants from completing the project by failing to give assurances that he intended to honor the purchase agreement. Appellants were instructed by the bank to obtain written assurance from appellee by April 3, 1998. The evidence demonstrates that appellants first presented appellee with a draft addendum on April 10, 1998, a week after the bank's deadline. Furthermore, the draft addendum proposed by appellants contained additional provisions beyond mere assurance that appellee intended to perform under the original terms of the purchase agreement. The evidence does not establish that appellants made a timely request for reasonable assurance.
By contrast, the evidence establishes that Bob Miller Builder, Inc., breached the purchase agreement by failing to construct and convey Building 5 to appellee. Bob Miller Builder's Inc.'s obligations to appellee were not contingent upon its funding source, and its inability to avoid foreclosure did not excuse its contractual obligation to appellee.
Appellants' first and second assignments of error are overruled.
By their third assignment of error, appellants argue that the trial court erred: (1) by concluding that Millco Properties was liable for damages; and (2) by concluding that Robert Miller was personally liable with regard to appellee's $30,000 deposit. Appellants argue that the purchase agreement states that Bob Miller Builders, Inc., was the seller of Building 5. They argue that the phrase "Seller Bob Miller of Millco Development" in the February 22, 1996 addendum was merely a consequence of sloppy and ambiguous drafting. Even if the addendum language were sufficient to bind Millco Properties and/or Miller as the seller, appellants further argue, the addendum merely stated that the seller would return appellee's $30,000 deposit if appellee had been unable to obtain financing and there is no evidence that appellee was unable to obtain financing.
We agree that the evidence is insufficient to hold Millco Properties liable for damages. Although the purchase agreement notes that the office park is a Millco Development, it never mentions an entity called Millco Properties, nor does it identify Millco Properties as a seller. Likewise, although the February 22, 1996 addendum states that the seller of Building 5 is "Bob Miller, Millco Development," the addendum makes no mention of Millco Properties and it is signed on behalf of "Bob Miller, Seller."
We further conclude, however, that there is sufficient evidence in the record to support the trial court's finding that Miller is personally liable to refund the $30,000 deposit. "[A]n officer of a corporation is not personally liable on contracts for which the officer's principal is liable, unless the officer intentionally or inadvertently binds himself as an individual." Hamilton-Parker Co. v. Dillon Homes, Inc. (Mar. 18, 1997), Franklin App. No. 96APG08-1023, unreported. The February 22, 1996 addendum is signed by Robert Miller, and the typewriting under the signature states "Bob Miller, Seller." We agree that this signature is adequate evidence that Miller intentionally or inadvertently bound himself as an individual with regard to the obligations imposed by the addendum. We further note that nowhere in the addendum is reference made to Bob Miller Builders, Inc. Moreover, to the extent that the addendum is ambiguous due to sloppy drafting, the ambiguity should be construed against Miller, as Miller drafted the addendum. See Lelux v. Chernick (1997), 119 Ohio App.3d 6, 10. We agree with the trial court that, in light of the fact that the transaction never came to fruition, appellee was unable to obtain financing and, pursuant to the terms of the addendum, Miller is personally obligated to refund appellee's $30,000 deposit.
Accordingly, appellants' third assignment of error is sustained in part as it pertains to Millco Properties' liability and overruled in part as it pertains to Miller's liability for the $30,000 in damages that reflects the deposit paid by appellee.
We address appellants' fourth and fifth assignments of error together, as they both pertain to the amount of damages awarded to appellee. Appellants argue that the $65,152 damage award is improper because it is speculative. Appellants also argue that the award represents a double recovery because the trial court also required appellants to return appellee's $30,000 deposit. We disagree.
The trial court awarded $65,152 in damages to compensate appellee for lost profits. In Rhodes v. Rhodes Indus., Inc. (1991), 71 Ohio App.3d 797,809, the court set forth the following standard for an award for lost profits in a breach of contract case:
 * * * In order for a plaintiff to recover lost profits in a breach of contract action, the amount of the lost profits, as well as their existence, must be demonstrated with reasonable certainty. Gahanna v. Eastgate Properties, Inc. (1988), 36 Ohio St.3d 65, 521 N.E.2d 814. There must be more than a conclusory statement as to the amount of lost profits. Kinetico, [Inc. v. Independent Ohio Nail Co. (1984), 19 Ohio App.3d 26] at 30-31, 19 OBR at 95-97, 482 N.E.2d at 1350-1351. An explanation of how that sum was determined is required. Lost profits must be substantiated by calculations based on facts available or in evidence, otherwise they are speculative and uncertain. Id.
We conclude that appellant met the burden of establishing with adequate specificity $65,152 in lost profits. Appellant's expert witness, a certified public accountant, described in detail the facts and the calculations upon which he based his opinion as to damages.
We also disagree that appellee received a double recovery because he recovered both lost profits and his $30,000 deposit. The purchase agreement expressly provided that, in the event the Building 5 transaction did not close because seller failed to perform, the $30,000 deposit would be returned to appellee. Because the seller breached the agreement, appellee is entitled to recover his deposit, and this recovery has no bearing on the issue of lost profits.
Accordingly, we overrule appellants' fourth and fifth assignments of error.
For the foregoing reasons, appellants' first, second, fourth and fifth assignments of error are overruled and appellants' third assignment of error is sustained in part and overruled in part. The judgment of the Franklin County Court of Common Pleas is reversed inasmuch as it imposed liability upon Millco Properties and otherwise affirmed.
Judgment affirmed in part and reversed in part.
TYACK and DESHLER, JJ., concur.