This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Joseph Mihalich and JEM Real Estate ("Buyer"), appeal the decision of the Summit County Court of Common Pleas, which found appellee Heyden, Heyden, and Hindinger II ("Seller") in breach of a land contract and awarded Buyer $1 in nominal damages. This Court affirms in part and reverses in part.
 I. {¶ 2} Appellant Mihalich is a licensed real estate broker with his own company, JEM Real Estate.
 {¶ 3} In the Spring of 2000, Buyer approached Alice Marusiak, realtor for appellees ("Seller"), regarding the purchase of a parcel of real property located on Evans Avenue located in Akron, Ohio. Buyer made an offer, which was accepted, and gave Marusiak a small deposit. On or about June 26, 2000, the Seller unilaterally terminated the transaction.
 {¶ 4} Buyer filed a complaint for breach of contract in the Summit County Court of Common Pleas, seeking: (1) general damages for breach of the land contract; (2) JEM's loss of its realty commission; and (3) loss of anticipated future profits from the use of the property, totaling $95,000. Seller filed an answer. On February 15, 2002, Buyer filed an amended complaint increasing the amount of damages sought to $600,000. Seller filed an answer to Buyer's amended complaint as well as a counterclaim for breach of contract seeking damages of $117,000. Buyer filed a motion to dismiss Seller's counterclaim on the basis that it was untimely filed without leave of court. The trial court overruled Buyer's motion to dismiss.
 {¶ 5} The matter proceeded to a bench trial. The trial court concluded that Seller had breached the contract, but that Buyer had suffered no damages as a result of the breach. Consequently, the trial court awarded Buyer nominal damages in the amount of $1.00. Seller's counterclaim was ultimately dismissed.
 {¶ 6} Buyer timely appealed, setting forth five assignments of error. Buyer also filed a notice of appeal captioned "Notice of Appeal of JEM Real Estate." Seller cross-appealed under each case number, raising one assignment of error. The two cases have been consolidated for purposes of appeal.
 {¶ 7} This Court will first consider Buyer's first four assignments of error. Buyer's fifth assignment of error and Seller's cross-appeal will be combined for purposes of discussion as they involve the same issue.
 II. FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHERE IT UTILIZED AN INAPPROPRIATE MEASURE OF DAMAGES IN CALCULATING THE APPELLANT'S DAMAGES FOR BREACH OF CONTRACT."
 {¶ 8} In his first assignment of error, Buyer argues that the trial court erred in calculating his damages for Seller's breach of the contract. This Court agrees.
 {¶ 9} In the present case, the trial court held that Buyer was only entitled to recover general nominal damages for Seller's breach of the contract. In order to determine Buyer's damages, the trial court computed the difference between the purchase price of the contract and the value of the property. The trial court reasoned that since the contract price was $500,000 and the actual value of the property, according to Seller's testimony, was $400,000, Buyer sustained no damages as a result of Seller's breach and awarded Buyer $1 in nominal damages.
 {¶ 10} In order for a plaintiff to recover lost profits in a breach of contract action, the plaintiff must show that "(1) [the] profits were within the contemplation of the parties at the time the contract was made, (2) the loss of profits is the probable result of the breach of contract, and (3) the profits are not remote and speculative and may be shown with reasonable certainty." Charles R. Combs Trucking,Inc. v. Internatl. Harvester Co. (1984), 12 Ohio St.3d 241, paragraph two of the syllabus. The Supreme Court of Ohio further explained that "the amount of the lost profits, as well as their existence, must be demonstrated with reasonable certainty." Gahanna v. Eastgate Properties,Inc. (1988), 36 Ohio St.3d 65, syllabus.
 {¶ 11} The trial court found:
 "*** any such loss was not foreseeable as being within the reasonable contemplation of parties at the time the contract was made, nor was any such loss proximately caused by the breach, and further any such damages would be remote and speculative."
 {¶ 12} Buyer testified that at least one potential lessee accompanied him to the property prior to his signing the land contract and every potential lessee that actually executed a lease for the property came with him to examine the property in the presence of Ms. Marusiak. If proven with reasonable certainty, Buyer's lost profits, the profits he would have received from the potential lessees, would be a result of Seller's breach of the contract. The trial court did not allow into evidence any testimony relative to lost profits. Nonetheless, the trial court concluded that Buyer was not entitled to lost profits. This Court finds that the trial court erred in determining that Buyer was not entitled to lost profits without hearing testimony regarding the same. Such testimony would have made possible the measuring of value by capitalizing the rental sums. Upon remand, Buyer should be allowed to admit into evidence copies of the signed leases he had entered into with potential lessees.
 {¶ 13} Buyer's first assignment of error is sustained and the matter is remanded to the trial court for a hearing regarding lost profits.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DENYING TO APPELLANT-JEM REAL ESTATE, THE REAL ESTATE COMMISSION CONTEMPLATED BY THE PARTIES AND EARNED."
 {¶ 14} Buyer argues in his second assignment of error that the trial court erred in denying appellant JEM Real Estate's claim for the real estate commission the parties agreed to in the purchase agreement executed by the parties. This Court agrees.
 {¶ 15} The trial court found:
 "*** any such loss is not recoverable because it was not within the reasonable contemplation of the parties at the time the contract was made. Although the addendum does make reference to a broker realty commission to Buyer, the original May 12th agreement does not. And it is too remote to be recoverable."
 {¶ 16} A review of the record, however, reveals that the parties did contemplate that JEM would receive one-half of the 6% commission. The purchase agreement executed by the parties on May 12, 2000, provides, in relevant part:
 "The OWNER further recognizes that JEM Real Estate America's 1st Choice licensed Real Estate Brokers were the Agent in negotiating this transaction and for the service of the Broker in this matter, hereby agrees to pay to said Brokers a commission of 6% (Six) based upon the selling price *** mentioned."
 {¶ 17} The land contract entered into by the parties on June 1, 2000, states, in relevant part:
"SELLER'S EXPENSE AT EXECUTION OF LAND CONTRACT. The Seller shall pay:
 6% commission 50% to America[']s 1st Choice [Realty] 50% to JEM [Realty]"
 {¶ 18} Buyer's second assignment of error is sustained.
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DISMISSING, IN A CIVIL ACTION, THE NATURAL PARTNERS OF A PARTNERSHIP AND CONCLUDING THAT THERE WAS NEITHER `JOINT AND SEVERAL' LIABILITY NOR COULD ONE PARTNER BIND THE OTHERS."
 {¶ 19} In his third assignment of error, Buyer argues that the trial court erred in sua sponte dismissing the natural individuals of the partnership and concluding that there was neither joint and several liability nor could one partner bind the others. This Court agrees.
 {¶ 20} Eugene Heyden, Donna Lynn Heyden, and Ernest J. Hindinger are members of the general partnership Heyden, Heyden, and Hindinger II. Buyer named the three individual partners as well as the partnership in the complaint. However, the trial court dismissed the individual partners. The trial court concluded:
 "The only parties involved in the transaction were plaintiff Joseph Mihalich acting for himself, and defendant Eugene Heyden, who all evidence shows was acting as agent for the partnership which owned the realty, Heyden, Heyden, and Hindinger II. There is no evidence that any of the individual defendants were involved in the transaction, and all claims against them are dismissed."
 {¶ 21} R.C. 1775.14 sets forth the liability of partners, and provides, in relevant part:
 "(A) Subject to section 1339.65 of the Revised Code and except as provided in division (B) of this section, all partners are liable as follows:
"***
 "(2) Jointly for all other debts and obligations of the partnership, but any partner may enter into a separate obligation to perform a partnership contract."
 {¶ 22} In the case sub judice, Eugene Heyden, Donna Lynn Heyden, and Ernest Hindinger, each signed the land contract on behalf of the partnership. Eugene Hindinger signed the letter indicating Seller's intent to withdraw from the land contract with Buyer. The trial court found "Seller's failure to close the transaction constitutes a breach of contract, for which Buyer is entitled to damages." Having found the partnership breached the contract; the trial court erred in dismissing the individual partners from the action below. See R.C. 1775.14(A)(2). Buyer's third assignment of error is sustained.
 FOURTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN CONCLUDING THAT THE TESTIMONY OF AN EXPERT WITNESS WAS DEFICIENT AS IT WAS NOT SUPPORTED IN WRITING, NOT SUPPORTED BY COMPARABLE SALES, AND NOT SUPPORTED BY A SUFFICIENT FOUNDATION."
 {¶ 23} Buyer argues in his fourth assignment of error that the trial court abused its discretion by ignoring the testimony of his expert witness, Ron Stefano.
 {¶ 24} Due to this Court's disposition of Buyer's first assignment of error, we decline to address the merits of this assignment of error.
 FIFTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO DISMISS A COUNTER-CLAIM WHERE SAID COUNTERCLAIM WAS FILED `OUT OF TIME' AND WITHOUT LEAVE."
 CROSS-ASSIGNMENT OF ERROR "WHERE THE EVIDENCE WAS UNDISPUTED THAT THE PLAINTIFF LAND CONTRACT BUYER COMMENCED PERFORMANCE OF HIS CONTRACTUAL RELATIONSHIP WITH HIS CREDITOR SELLER BY APPEARING AT THE ESCROW CLOSING AGENT'S OFFICE WITH A DOWN PAYMENT CONSISTING OF $29,000 CASH IN A GROCERY BAG, AND WHEN THE SAID BUYER ALSO REFUSED TO GIVE HIS SOCIAL SECURITY NUMBER TO THE ESCROW AGENT UNTIL FINALLY PERSUADED TO DO SO SOME DAYS LATER, AS A MATTER OF LAW THE CREDITOR SELLER WAS NOT OBLIGATED TO COMPLETE HIS PERFORMANCE UNDER THE CONTRACT, AND FURTHER WAS ENTITLED TO RECOVER DAMAGES RESULTING FROM A SUBSEQUENT SALE OF THE PROPERTY FOR $117,000 LESS THAN THE CONTRACT PRICE WITH THE PLAINTIFF, AND THE TRIAL COURT THEREFORE ERRED IN DISMISSING SELLER'S COUNTERCLAIM FOR BREACH OF CONTRACT."
 {¶ 25} This Court will first address Seller's cross-appeal.
 {¶ 26} In his fifth assignment of error, Buyer avers that the trial court erred in overruling his motion to dismiss Seller's counterclaim based upon the fact that it was untimely and filed without leave of court. In its sole assignment of error, Seller argues that the trial court erred in ruling against him on its counterclaim. This Court finds that the trial court erred in considering Seller's counterclaim. Therefore, we do not reach the merits of Seller's cross-appeal.
 {¶ 27} Buyer filed his complaint on September 20, 2000. After seeking leaving to plead, Seller filed its answer on October 25, 2000. Buyer amended his complaint to increase the amount of damages sought on February 15, 2002. Seller filed an answer to Buyer's amended complaint and filed its counterclaim on February 27, 2002.
 {¶ 28} Civ.R. 13(A) provides, in pertinent part:
 "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."
 {¶ 29} Because twenty-eight days had passed since Seller filed its answer, it could not amend the answer, as a matter of right, to include the counterclaim. Civ.R. 15(A). When a party fails to assert an available counterclaim in a responsive pleading, and the time for amendment of such pleading as a matter of right has passed, the party must seek leave of court to include the counterclaim. Civ.R. 13(F); Natl. City Bank v.Fleming (1981), 2 Ohio App.3d 50. The trial court has the jurisdiction to grant leave to amend an answer under Civ.R. 13(F) and such leave will not be disturbed on appeal absent an abuse of discretion. Id.
 {¶ 30} In this case, Seller did not seek leave to file its counterclaim. Therefore, the trial court abused its discretion in denying Buyer's motion to dismiss the counterclaim. Seller's sole assignment of error is overruled.
 {¶ 31} This Court's disposition of Seller's cross-appeal renders Buyer's fifth assignment of error moot. We therefore decline to address it. See App.R. 12(A)(1)(c).
 III. {¶ 32} Buyer's first, second, and third assignments of error are sustained. Buyer's fifth assignment of error is moot. Seller's cross-appeal is overruled. The decision of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded to the trial court for proceedings consistent with this decision.
WHITMORE, J. and BATCHELDER, J. CONCUR.