DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order of the Ottawa County Court of Common Pleas, denying a motion to vacate an award of attorney fees on remand after appeal. For the reasons that follow, we affirm.
 {¶ 2} Appellants, Donald and Erika Zimmerman, sold land to appellees, Mark and Lori Schmiehausen. The property was conveyed with general warranty covenants. When a neighboring property owner claimed a right of way across the land appellees had purchased, appellees sued appellants, alleging a willful breach of the covenants of warranty. Following a bench trial, appellants were awarded compensatory damages, punitive damages and attorney fees.
 {¶ 3} On appeal, appellants asserted that the trial court's judgment was unsupported by the facts and the law and punitive damages were unwarranted. We affirmed the trial court's judgment, with the exception of the punitive damages, which we concluded were unwarranted.Schmiehausen v. Zimmerman, 6th Dist. No. OT-03-027, 2004-Ohio-3148, at ¶ 76. We then remanded the matter to the trial court for, "* * * further consideration consistent with this decision." Id. at ¶ 77.
 {¶ 4} On remand, appellants argued that, with the vacation of punitive damages, the basis for the court awarding attorney fees was wholly undermined. The trial court rejected appellees' argument. The court issued an amended judgment entry, deleting punitive damages in conformity with our decision, but affirming its initial award of attorney fees. It is this order that appellants now appeal. They set forth the following single assignment of error:
 {¶ 5} "The common pleas court committed prejudicial error with its award of attorney fees to the Schmiehausens."
 {¶ 6} On remand, appellants moved to amend the judgment to delete not only the award of punitive damages, but attorney fees as well. Although the trial court's original judgment predicated both the award of punitive damages and attorney fees on appellants' fraud, the court denied their motion to set aside the attorney fees. Appellants insist that this decision was erroneous and violative of the "American Rule" which holds that each litigant is responsible for his or her own attorney fees, absent a statute authorizing such an award or some other well defined exception. See Sorin v. Bd. of Edn. (1976), 46 Ohio St.2d 177, 179.
 {¶ 7} One well defined and long established exception is that when there is a proper award of exemplary or punitive damages, reasonable counsel fees may be awarded. Roberts v. Mason (1859), 10 Ohio St. 277, at paragraph two of the syllabus. Columbus Finance, Inc. v. Howard (1975),42 Ohio St.2d 178, 183. Another equally well established exception, however, is that a grantee of a deed with general warranty covenants may be entitled to recover the costs, including attorney fees, expended in defense of the title conveyed with such covenants. McAlpin v. Woodruff
(1860), 11 Ohio St. 120, paragraph one of the syllabus; Lane v. Fury
(1877), 31 Ohio St. 574, 578; Gates v. Toledo (1897), 57 Ohio St. 105, 111;Hollon v. Abner (Aug. 29, 1997), 1st Dist. No. C960182; compare, Gahannav. Eastgate Properties, Inc. (1988), 36 Ohio St.3d 65, 66-67.
 {¶ 8} In this matter, although the trial court initially premised its award of attorney fees on punitive damages, at the same time there was an equally valid predicate for the award of fees under the general warranty covenant exception. Consequently, even though our reversal of the award of punitives negated one of the reasons for awarding attorney fees, it did not undermine the other. Where such a reason for an award of attorney fees exists, fees may be awarded. Here, the trial court chose to award attorney fees. We cannot say that this decision was erroneous. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 9} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Ottawa County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.