OPINION
{¶ 1} Defendant-appellant, Bunnell Hill Development Co., Inc. ("Bunnell Hill"), appeals a judgment of the Butler County Court of Common Pleas, ordering it to pay plaintiff-appellee, Glenn Nieman, $162,500 in damages as a result of Bunnell Hill's breach of a right of first refusal clause in the parties' lease.
 {¶ 2} In December 1996, Nieman leased a 1,250 square foot space in a strip center *Page 2 
called Bethany Station, which was owned by Bunnell Hill. Nieman used the space to open a pizzeria called "Big Dog's Pizza" in May 1997. The parties' lease contained the following term:
 {¶ 3} "Before space on either side can be leased, Tenant [Nieman] has the first Right of Refusal for 7 days."
 {¶ 4} In September 2000, Bunnell Hill leased the space immediately to the north of Big Dog's Pizza to Putter's Tavern Grill. The lease between Bunnell Hill and Putter's Tavern Grill included space for which Nieman had been granted the right of first refusal.
 {¶ 5} In December 2000, Nieman met with Bunnell Hill's leasing agent to discuss the possible expansion of Big Dog's Pizza into some of the space for which he held the right of first refusal. During that meeting, Nieman reminded the leasing agent of his (Nieman's) right of first refusal with respect to the spaces on either side of Big Dog's Pizza. The leasing agent did not disclose the existence of the lease between Bunnell Hill and Putter's Tavern Grill, and did not tell Nieman he could no longer expand into the space immediately to the north of Big Dog's Pizza.
 {¶ 6} In February 2001, Nieman noticed construction work in one of the spaces subject to his right of first refusal. He promptly notified Bunnell Hill that such work violated his right of first refusal, but Bunnell Hill failed to take any action in response.
 {¶ 7} In April 2002, Nieman closed Big Dog's Pizza in Bethany Station and terminated his lease with Bunnell Hill. In May 2003, he opened a Big Dog's Pizza at Lakota Plaza, which is approximately two to three miles away from Bethany Station.
 {¶ 8} Nieman brought a breach of contract action against Bunnell Hill, which he voluntarily dismissed pursuant to Civ. R. 41(A). On July 11, 2005, he re-filed his action against Bunnell Hill, alleging that Bunnell Hill breached the terms of the parties' lease when it rented the space immediately north of his former pizzeria at Bethany Station to Putter's Tavern *Page 3 
Grill, without allowing him to exercise his right of first refusal as to that space.
 {¶ 9} A jury trial was held on Nieman's claim, commencing on May 22, 2007. At the close of evidence and arguments, the jury found Bunnell Hill breached its contract with Nieman by violating the right of first refusal clause of the parties' lease. The jury awarded Nieman $162,500 in damages as a result of the breach, and the trial court entered judgment against Bunnell Hill for that amount.
 {¶ 10} Bunnell Hill appeals from that judgment, assigning the following as error:
 {¶ 11} Assignment of Error No. 1:
 {¶ 12} "THE TRIAL COURT ERRED IN ALLOWING PLAINTIFF TO TESTIFY AND SUBMIT EVIDENCE AS TO HIS CLAIMS FOR LOST PROFITS AND IN FAILING TO DISMISS SUCH CLAIMS."
 {¶ 13} Bunnell Hill argues the trial court erred in allowing Nieman to submit evidence as to his claim for lost profits and in failing to dismiss that claim because he failed to present sufficient evidence to prove his claim with reasonable certainty.[1]
 {¶ 14} During closing arguments, Nieman asked the jury to award him $203,082 for lost profits from January 2001 — the time at which Nieman asserted he would have been ready to open an expanded Big Dog's Pizza at Bethany Station had Bunnell Hill not denied him his right of first refusal — to May 2003 — the time at which Nieman opened a Big Dog's Pizza at Lakota Plaza. He also asked the jury to award him an additional $59,707.26 for the moving and "build-out" expenses he incurred as a result of having to close his pizzeria in Bethany Station and open a new one in Lakota Plaza.
 {¶ 15} The jury awarded Nieman $162,500 in damages as a result of Bunnell Hill's breach of the parties' lease without specifying what portion of the award was for lost profits *Page 4 
and what portion was for moving and build-out expenses. However, assuming for the sake of argument that the jury awarded Nieman all of his requested moving and build-out expenses of $59,707.26, this would mean the jury awarded Nieman $102,792.74 in lost profits.
 {¶ 16} "Lost profits may be recovered by the plaintiff in a breach of contract action if: (1) profits were within the contemplation of the parties at the time the contract was made, (2) the loss of profits is the probable result of the breach of contract, and (3) the profits are not remote and speculative and may be shown with reasonable certainty."Charles R. Combs Trucking, Inc. v. Internatl. Harvester Co. (1984),12 Ohio St.3d 241, paragraph two of the syllabus.
 {¶ 17} As to the third prong of the Combs test, the Ohio Supreme Court subsequently held that "[i]n order for a plaintiff to recover lost profits in a breach of contract action, the amounts of lost profits, as well as their existence, must be demonstrated with reasonable certainty." (Emphasis added.) Gahanna v. Eastgate Properties, Inc.
(1988), 36 Ohio St.3d 65, syllabus.
 {¶ 18} "In Ohio a new business may recover lost profits in a breach of contract action but such lost profits must be established with reasonable certainty." AGF, Inc. v. Great Lakes Heat Treating Co.
(1990), 51 Ohio St.3d 177, paragraph two of the syllabus. "A new business may establish lost profits with reasonable certainty through the use of such evidence as expert testimony, economic and financial data, market surveys and analyses, business records of similar enterprises, and any other relevant facts." Id. at paragraph three of the syllabus.
 {¶ 19} In this case, Nieman did not present any expert testimony or market surveys and analyses in support of his claim for lost profits, nor did he ask the jury to consider the profits *Page 5 
he made at Bethany Station and then project what his profits would have been if he had been permitted to exercise his right of first refusal and expand his pizzeria there. Indeed, Nieman acknowledged he was not qualified to do that.
 {¶ 20} Instead, he submitted into evidence his 2004 and 2005 tax returns, which showed the profits he made at his pizzeria at Lakota Plaza for that period, and asked the jury to find that the profits he made at that location for that period are similar to the ones he would have made at an expanded pizzeria at Bethany Station from January 2001 to May 2003. However, we agree with Bunnell Hill that Nieman's methodology for computing his lost profits at Bethany Station would not have shown with reasonable certainty what those profits would have been.
 {¶ 21} There are substantial differences between Nieman's pizzeria at Bethany Station and his pizzeria in Lakota Plaza. For example, Nieman has a beer license for his pizzeria in Lakota Plaza, but did not have such a license for his pizzeria at Bethany Station. There was also evidence that a competitor, Donato's Pizza, was moving within one mile of the Big Dog's Pizza at Bethany Station, and that Bethany Station had problems finding adequate parking space for its tenants' customers.
 {¶ 22} Furthermore, Bunnell Hill's expert, Douglas H. Johnson, a forensic certified public accountant, testified it was neither consistent with generally accepted accounting principles nor appropriate to calculate Nieman's lost profits by comparing his 2001 tax return showing his income from his pizzeria at Bethany Station to his 2004 tax return showing his income from his pizzeria at Lakota Plaza. Johnson based his opinion on the fact that there were major differences between Nieman's pizzeria at Bethany Station and his pizzeria at Lakota Plaza, including their location, equipment, rents, and other circumstances like the availability (or lack thereof) of parking. *Page 6 
 {¶ 23} To establish with reasonable certainty the profits he lost as a result of Bunnell Hill's breach of the right of first refusal clause in the parties' lease, Nieman was required to show what his profits would have been at an expanded Big Dog's Pizzeria at Bethany Station and then subtract from that figure the costs he would have incurred in expanding his pizzeria there, as he planned to do before Bunnell Hill breached the right of first refusal clause in the parties' lease. See, e.g.,Kosier v. DeRosa, 169 Ohio App.3d 150, 2006-Ohio-5114, ¶ 34 (lost-profit damages arising from breach of contract are the price the plaintiff would have received under the contract less the expense of performance that was saved because of the breach).
 {¶ 24} However, Nieman failed to present evidence of the costs he would have incurred in expanding his pizzeria at Bethany Station; instead, he only presented evidence of what his build-out costs were for his new pizzeria at Lakota Plaza. Without receiving evidence of what Nieman's build-out costs would have been at an expanded pizzeria at Bethany Station, it was impossible for the jury to determine with reasonable certainty what Nieman's net lost profits would have been had the breach not occurred.
 {¶ 25} The trial court erred in admitting into evidence the profits Nieman made at his pizzeria at Lakota Plaza from 2004 to 2005, to prove what Nieman's profits would have been at an expanded Big Dog's Pizza at Bethany Station from January 2001 to May 2003. Therefore, the trial court's judgment must be reversed, and this cause must be remanded for a new trial on the issue of lost profits.
 {¶ 26} Bunnell Hill's first assignment of error is sustained to the extent indicated.
 {¶ 27} Assignment of Error No. 2:
 {¶ 28} "THE TRIAL COURT ERRED IN ALLOWING PLAINTIFF TO TESTIFY AND SUBMIT EVIDENCE AS TO HIS CLAIMS FOR MOVING AND BUILD-OUT EXPENSES."
 {¶ 29} Bunnell Hill argues the trial court erred in allowing Nieman to submit evidence of his claim for the expenses he incurred in moving out of his pizzeria at Bethany Station and in *Page 7 
"building out" and moving into his new pizzeria at Lakota Plaza because he failed to show with reasonable certainty what those expenses were.
 {¶ 30} A party injured by a breach of contract is entitled to his "expectation interest," i.e., his interest in having the benefit of his bargain by being placed in as good a position as he would have been in had the contract not been breached. Rasnick v. Tubbs (1998),126 Ohio App.3d 431, 437. "Damages for a breach of contract are those which are the natural or probable consequence of the breach of contract or damages resulting from the breach that were within the contemplation of both parties at the time of the making of the contract." The Toledo Group,Inc. v. Benton Industries, Inc. (1993), 87 Ohio App.3d 798, 806.
 {¶ 31} A party's recovery for damages "is limited to the loss he has actually suffered by reason of the breach, and he is not entitled to be placed in a better position than he would have been in had the breach not occurred." Brads v. First Baptist Church of Germantown, Ohio (1993),89 Ohio App.3d 328, 339. "Because damages for injury to an expectation interest are limited to actual loss, that loss must be established with reasonable certainty." Id.
 {¶ 32} After reviewing the evidence presented in this case, we conclude a new trial is warranted on the issue of the damages Nieman incurred to move out of his pizzeria at Bethany Station and to build-out and move into his pizzeria at Lakota Plaza. While Nieman may have presented sufficient evidence to show that his moving and build-out expenses were the "natural and probable consequence" of Bunnell Hill's breach of the right of first refusal clause in the parties' lease, it is not clear from the jury's verdict what the jury determined Nieman's damages to be with respect to those expenses since the jury awarded Nieman $162,500 in damages without specifying what portion of the award was for lost profits and what portion was for moving and build-out expenses. Therefore, the jury may have awarded Nieman all, some, or none of his requested $59,707.26 in moving and build-out expenses.
 {¶ 33} Furthermore, Nieman's damages had to be established with reasonable *Page 8 
certainty and his damages had to be limited to those he actually incurred because Nieman was not entitled to be placed in a better position than he would have been in had the breach not occurred.Brads, 89 Ohio App.3d at 339. Therefore, any damages awarded to Nieman as a result of the expenses he incurred in moving out of his pizzeria at Bethany Station and building out and moving into his pizzeria at Lakota Plaza had to be reduced by the amount Nieman avoided having to spend to expand his former pizzeria at Bethany Station as he had planned to do before Bunnell Hill breached the right of first refusal clause in the parties' lease. Id. See, also, Kosier, 2006-Ohio-5114, at ¶ 34.
 {¶ 34} However, while Nieman presented evidence showing the amounts he spent in moving out of his pizzeria at Bethany Station and building out and moving into his pizzeria at Lakota Plaza, he failed to present evidence showing what amount he would have spent expanding his pizzeria at Bethany Station had Bunnell Hill not breached the right of first refusal clause in the parties' lease. As a result, Nieman failed to establish his damages for moving and build-out expenses with reasonable certainty, and therefore, he may have been placed in a better position than he would have been in had the breach not occurred. Brad.
 {¶ 35} Consequently, we remand this case for a new trial to determine what damages Nieman incurred, if any, as a result of his having to move out of his location in Bethany Station and build-out and move into his new location in Lakota Plaza.
 {¶ 36} Bunnell Hill's second assignment of error is sustained to the extent indicated.
 {¶ 37} The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
BRESSLER and YOUNG, JJ., concur.
[1] Nieman has not filed an appellate brief in this case. App. R. 18(C) provides that if an appellee fails to file a brief in response to appellant's brief, the appellate court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." *Page 1