336

LOGSDON, APPELLEE, *v.* GRAHAM FORD COMPANY, APPELLANT.

(No. 77-1091—Decided June 14, 1978.)

338.

*Mr. G. Gary Tyack* and *Mr. Michael F. Colley,* for appellee.

*Messrs. Plymale, Chieffo & Vivyan* and *Mr. Dominic J. Chieffo,* for appellant.

*Per Curiam.* The record discloses competent, credible evidence going to the essential elements of the tort of fraud,[1] including testimony that the difference in value of the garbage packer as it was represented, and the actual value of the unit sold, was between $1,000 and $3,000. This court will therefore sustain the jury verdict with regard to compensatory damages. The only question remaining for our determination is whether the trial court erred in instructing the jury relative to punitive damages.

"Consistently with the general rule as to the allowance of exemplary or punitive damages, the jury may, in a fraud action where there is gross or malicious fraud or something showing a very corrupt condition of affairs, go beyond the rule of mere compensation and award exemplary or punitive damages, even though the defendant may have been punished criminally for the same wrong. However, a bare case of fraud or constructive fraud does not warrant the assessment of exemplary damages." 25 Ohio. Jurisprudence 2d 34, Fraud and Deceit, Section 205.

"The general rule is said to be that exemplary damages may properly be awarded where the plaintiff has suffered actual damages as a result of fraud intentionally committed with the purpose of injuring him. * * *

"Generally speaking, a recovery of exemplary or punitive damages in an action based on a fraudulent sale will be allowed only where the fraud is an aggravated one as where it is malicious, deliberate, gross, or wanton." 37 American Jurisprudence 2d 465-466, Fraud and Deceit, Section 347. See, also, Annotation, 165 A. L. R. 614; *Manning* v. *Len Immke Buick* (1971), 28 Ohio App. 2d 203; *Waters* v. *Novak* (1953), 94 Ohio App. 347.

---

[1] We concur in the appellate court's determination that the jury verdict in favor of appellee is based upon the cause of action sounding in fraud. Accordingly, we need not discuss appellant's contention that appellee was barred from pursuing a cause of action in contract, for breach of warranty, because of his alleged failure to notify appellant of the breach. Suffice it to say that inobservance of the notice requirement, set forth in R. C. 1302.65(C)(1), would not bar appellee from recovery under his tort theory. See R. C. 1301.03 and 1301.06(A).

After studied review of the evidence presented in the trial court, we are of the opinion that Tucci knowingly concealed from appellee a fact material to the transaction, *viz.*, that the garbage packer was approximately one year old, by referring to the new truck and the attached garbage packer as a "new unit," and by failing to indicate the model year of the garbage packer on the retail buyer's order form. However, we conclude that such actions on the part of appellant's salesman did not evince a malicious, wanton or gross fraud,[2] and that therefore the trial court erred in giving the instruction on punitive damages.

More than 100 years ago this court, in *Pittsburg, Fort Wayne and Chicago R. R. Co.* v. *Slusser* (1869), 19 Ohio

---

[2]Certainly it is difficult to so distinguish varying degrees of culpability, since to be actionable every fraud must consist of, *inter alia*, (1) an actual or implied false representation of, or concealment of, a material fact, (2) with knowledge of the falsity, or such utter disregard for the truth or recklessness that knowledge may be inferred, and (3) the intention to induce the plaintiff to rely upon the misrepresentation. See 24 Ohio Jurisprudence 2d 635, Fraud and Deceit, Section 20; Prosser, Law of Torts (4 Ed.) 685-686, Section 105.

In each case of alleged fraud the plaintiff, in order to be awarded punitive damages, must establish not only the elements of the tort itself but, in addition, must either show that the fraud is aggravated by the existence of malice or ill will, or must demonstrate that the wrongdoing is particularly gross or egregious. The case of *Saberton* v. *Greenwald* (1946), 146 Ohio St. 414, serves as an example of the type of fraud for which punitive damages are awarded.

The plaintiff in *Saberton* was sold a watch by a jeweler who represented that it was new. During the two months following the purchase plaintiff found it necessary to return the watch for repairs and adjustments on five different occasions. On the sixth such occasion plaintiff tendered the watch and demanded her money back. Defendant insisted that the watch only needed to be adjusted. The testimony of two watchmakers at trial established that the watch case was new, but that the working parts were at least 25 years old and beyond repair. On appeal, this court held that the trial court had erred in refusing to instruct the jury on punitive damages.

We believe it apparent that the conduct of appellant's salesman in the cause at bar, while constituting fraud, does not approximate the egregious fraud perpetrated by the defendant jeweler in *Saberton.*

St. 157, 161-162, reversed a jury award of punitive damages, and in so doing expressed the following opinion, which we find to be as cogent today as the day it was written:

"We are of opinion, that while this charge [on punitive damages] may be well enough as an abstract proposition—and might be well enough if given in a proper case—yet when given in a case like this, it was uncalled for, and tended to mislead the jury. We think it clear that this was no case for the application of the proposition stated by the court to the jury; and the statement of it tended to lead the minds of the jury to suppose that the court regarded it as such a case. It is always proper for courts engaged in the trial of cases to avoid giving to the jury mere abstract propositions of law, however correct they may be, and it is often their imperative duty to refuse to give them if requested. A majority of us admit that corporations may render themselves liable, by the malicious misconduct of their agents or servants while acting within the scope of their employment, to exemplary and punitive damages; but it is a doctrine capable of being greatly abused, and courts ought to be careful to see to it that it is not misapplied."

It is our decision that the $15,000 award of punitive damages must be reversed.

*Judgment affirmed in part and reversed in part.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.