CHARLES R. COMBS TRUCKING, INC., APPELLANT, *v.* INTERNATIONAL
HARVESTER COMPANY, APPELLEE.

[Cite as Charles R. Combs Trucking, Inc. *v.* International Harvester Co.
(1984), 12 Ohio St. 3d 241.]

(No. 83-315—Decided August 1, 1984.)

*Messrs. Wochna, Fallon & Iler, Mr. Don C. Iler, Messrs. Holbrock, Jonson, Bressler & Houser, Mr. Hugh D. Holbrock, Mr. George N. Jonson* and *Mr. Timothy R. Evans,* for appellant.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. John C. Elam, Mr. Thomas B. Ridgley, Mr. Gerald P. Ferguson, Mr. Edward J. Utz* and *Mr. Seymour W. Croft,* for appellee.

Cox, J.  The pivotal issue is whether the court of appeals erred when it ordered a complete new trial when the only reversible error dealt exclusively with the award of damages.

The appellate court affirmed the jury verdict with respect to the issue of liability on the plaintiff's claim for fraud and breach of contract.

App. R. 12(D) and Civ. R. 42(B) together authorize the court of appeals to order a retrial of only those issues which resulted in prejudicial error. Inasmuch as the issue of liability has been established, the sole issue to be determined on retrial would be the amount of damages. The plaintiff-appellant herein need not retry its case as to liability of the defendant-appellee. That has been established. Prior testimony on the issue of

fraudulent conduct is admissible on a retrial of the issue of damages and is proper in order to allow jury determination of both compensatory and punitive damages.

Upon consideration of the record, the court of appeals found insufficient evidence to support a finding of $900,000 in compensatory damages. We agree.

The general rule is that lost profits may be recovered by the plaintiff in a breach of contract action if: profits were within the contemplation of the parties at the time the contract was made, the loss of profits is the probable result of the breach of contract, and the profits are not remote and speculative and may be shown with reasonable certainty. 30 Ohio Jurisprudence 3d (1983) 100, Damages, Section 90.

Application of that maxim to the framework of this case shows:

(1) that profits were contemplated by the parties at the time of the contract; and

(2) loss of profits was the result of the breach of contract.

However, an award of lost profits for the remaining contemplated working years of Combs is not warranted. While age is relevant in contemplating damages in a wrongful death action, such consideration leads to speculation and not reasonable certainty in a breach of contract action.

The plaintiff's evidence of lost future profits as an item of compensatory damages need only be reasonable, not specific. Under the facts of the instant case, the fact that the contract between plaintiff and the gravel pit operator was terminable at will by ten days' advance notice does not limit recovery to that time period. Additional relevant evidence must be considered in arriving at an amount (i.e., gravel pit reserves, the contract term between the pit operator and the customers plaintiff was servicing, the life of the new trucks etc.).

On the issue of goodwill, judgment was entered by the trial court in favor of plaintiff. The appellate court found error and stated:

"In the instant case, Combs, Inc. has failed to present any evidence to support a finding that its reputation for good service has been damaged in any way. * * * Certainly, the appellee's trucking business has suffered a loss of profits but to infer from that that it has also suffered a loss of goodwill is improper."

This analysis is incorrect. In this case the owner of Watson Gravel, Inc. and its secretary-treasurer testified that Combs was a good hauler, that he was reliable, and that because of his reliability plaintiff had obtained preferential positions at the pits. Although the plaintiff attempted to retain its positions, it nevertheless depleted its goodwill because it could not resume its operations by April 1, 1978.

Goodwill is an intangible, but it can be "used up" or "depleted." That is its value. A company attempts to build up goodwill to help it survive when circumstances strain the relationship between the company and its ability to do business as usual.

Testimony by the plaintiff established the loss of this particular contract diminished its business value by $975,000. Such evidence is for consideration by the factfinder after proper instruction from the court.[1]

In this case, the trial court correctly submitted the issue of punitive damages to the jury.

This court has previously expressed the standard to be used in cases of malicious, wanton or gross fraud in *Logsdon* v. *Graham Ford Co.* (1978), 54 Ohio St. 2d 336, at 340 [8 O.O.3d 349]:

"In each case of alleged fraud the plaintiff, in order to be awarded punitive damages, must establish not only the elements of the tort itself but, in addition, must either show that the fraud is aggravated by the existence of malice or ill will, or must demonstrate that the wrongdoing is particularly gross or egregious." *Id.* at fn. 2.

That standard paralleled to the evidence in this case showed convincingly a continuous course of egregious conduct by the defendant, most glaringly when the plaintiff received titles to two of the trucks and the trucks were not even in existence at the time.

It also follows that punitive damages being proper in this case, the aggrieved party may also recover reasonable attorney fees as compensatory damages. *Langhorst* v. *Riethmiller* (1977), 52 Ohio App. 2d 137 [6 O.O.3d 101].

Accordingly, the judgment of the court of appeals is affirmed in part and reversed in part and the cause is remanded to the trial court for further proceedings not inconsistent with this court's opinion.

*Judgment affirmed in part*
*and reversed in part*
*and cause remanded.*

FORD, HOFFMAN, C. BROWN and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., concurs separately.

LOCHER, Acting C.J., and HOLMES, J., concur in part and dissent in part.

LOCHER, Acting C.J., sitting for CELEBREZZE, C.J.

FORD, J., of the Eleventh Appellate District, sitting for W. BROWN, J.

HOFFMAN, J., of the Fifth Appellate District, sitting for SWEENEY, J.

COX, J., of the Seventh Appellate District, sitting for LOCHER, J.

---

[1] The issue not having been raised by the parties, this court does not address the legal principle of mitigation of damages in regard to loss of goodwill.

CLIFFORD F. BROWN, J., concurring. The conclusion we reach today, in reversing and remanding this cause for a new trial on the issue of damages only, is supported by this court's decision in *Mast* v. *Doctor's Hospital North* (1976), 46 Ohio St. 2d 539 [75 O.O.2d 556]. In that case, we held that "* * * App. R. 12(D), in conjunction with Civ. R. 42(B), authorizes a Court of Appeals to order the retrial of only those issues, claims or defenses the original trial of which resulted in prejudicial error, and to allow issues tried free from error to stand." *Id.* at 541. Because the trial of the instant cause resulted in error solely on the issue of damages, remand for retrial on the question of liability is unnecessary and unwarranted.

HOLMES, J., concurring in part and dissenting in part. While I agree with the majority as to the speculative nature of the lost profits in this case, I dissent due to the insufficiency of evidence produced in an effort to establish loss of goodwill and an award for punitive damages.

Goodwill is that aspect of business which attracts a clientele and generates profits due to the company's reputation for good service. *Roundhouse* v. *Owens-Illinois, Inc.* (C.A.6, 1979), 604 F. 2d 990, 995. For a jury to ascertain an exact amount of damages for this type of loss is difficult at best.

However, in a contract action for compensatory damages, the trial court must separate evidence tending to show loss of future profits and that showing loss of goodwill. If not, the aggrieved plaintiff will be able to recover an amount of duplicate damages, as goodwill must be considered a principal factor of future profits.

In my view, plaintiff did not prove loss of prospective customers or any damage to its goodwill or business reputation. There was testimony that the company was a reliable hauler of sand and gravel. However, there was a total lack of evidence to support a finding that its reputation for good service had been tarnished. The only other evidence presented on this issue was by Charles Combs, himself, who testified that his business value diminished by $975,000 due to the loss of this particular contract. This testimony sounds in lost profits, not loss of goodwill. Even assuming that an owner of a business is competent to give opinion testimony as to the value of his company's reputation, I believe this testimony could not be the sole factor used to establish a loss of goodwill. Therefore, the court of appeals was correct in ruling that the trial court erred in failing to direct a verdict in favor of International Harvester on this issue.

The degree of culpability required to permit an instruction on punitive damages is a difficult question. An award of punitive damages is capable of great abuse and the trial court must carefully weigh a plaintiff's case before submitting the question to the jury.

There was no evidence in the record to demonstrate that any wrongdoing by the defendant was particularly gross or egregious as required by *Logsdon* v. *Graham Ford Co.* (1978), 54 Ohio St. 2d 336, 340, at fn. 2 [8 O.O.3d 349]. Instead, the record established that the representations concerning the

247

delivery date of the trucks were a result of a splintered bureaucratic process involving judgments made by different people who pass on different aspects of the problem at different times. The persons involved made decisions based on different types and amounts of information, and none of them possessed more than a small portion of the total amount of information involved. I would not hold the corporate defendant liable for punitive damages in this situation. Therefore, it follows that in the absence of an award for punitive damages, attorney fees are not recoverable by the plaintiff. See *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178, 183 [71 O.O.2d 174].

Accordingly, I would affirm the judgment of the court of appeals.

LOCHER, Acting C.J., concurs in the foregoing opinion.