While I agree with the majority's dispositions of the first, third, and fourth assignments of error, I disagree with the majority's sustaining defendant's second assignment of error, and I therefore dissent in part.
Although the evidence before the trial court was not overwhelming, the evidence the trial court relied on is sufficient to support a finding of punitive damages as defined in Charles R.Combs Trucking, Inc. v. International Harvester Co. (1984),12 Ohio St.3d 241, paragraph three of the syllabus. Defendant's actions were egregious, and a conscious and reckless disregard of plaintiff's rights, especially when coupled with defendant's numerous unsuccessful attempts at stop-gap repairs. See, e.g.,Saberton v. Greenwald (1946), 146 Ohio St. 414. Moreover, given that defendant's contention concerning the pilasters as "strengthening" devices has been rejected as a matter of law, the record contains little evidence undermining the facts on which the trial court relied. Because the trial court's finding of punitive damages is supported by the manifest weight of the evidence, I would overrule defendant's second assignment of error.