OPINION
{¶ 1} Plaintiffs-appellants, Holt Company of Ohio, HC Industries, LLC, and Holt Texas Properties, Inc. (collectively "Holt" or "plaintiffs") appeal from a judgment of the Franklin County Court of Common Pleas that granted partial summary judgment in favor of defendants-appellees, Ohio Machinery Co. and OMCO Building, LLC (collectively "Ohio Machinery" or "defendants"). Because the trial court did not err by granting partial summary judgment in favor of Ohio Machinery, we affirm the trial court's judgment. *Page 2 
 {¶ 2} Holt formerly owned and operated dealerships in Ohio, Indiana, and Kentucky that sold, leased, and maintained rental equipment, including Caterpillar heavy equipment. In April 2003, Holt and Ohio Machinery executed an asset purchase agreement ("agreement"), wherein Holt sold identified assets and liabilities of equipment dealerships and related operations to Ohio Machinery for $150,486,082, subject to a closing dated adjustment and final balance sheet adjustments. According to a forum selection clause in the agreement, the parties agreed that any legal action, suit, or proceeding arising out of the agreement "shall be instituted in a federal or state court sitting in Franklin County, Ohio, which shall be the exclusive jurisdiction and venue of said legal proceedings[.]" (Agreement, Section 14.16.) The parties further agreed that "[t]his Agreement shall in all respects be interpreted, construed and governed by and in accordance with the local laws of the State of Ohio, except to the extent that the laws of another jurisdiction mandatorily apply." (Agreement, Section 14.11.) Under Section 4.4 of the agreement, the parties also agreed to specified dispute resolution procedures.
 {¶ 3} After the parties executed the agreement, Ohio Machinery claimed, among other things, that some inventories were overstated and that Holt improperly capitalized repair orders relative to rental inventory. As a consequence, Ohio Machinery demanded a refund in excess of $7 million.
 {¶ 4} After Ohio Machinery demanded a refund, Holt sued Ohio Machinery in the Franklin County Court of Common Pleas, seeking declaratory and injunctive relief. Claiming that Holt breached the asset purchase agreement, Ohio Machinery asserted a counterclaim against Holt. *Page 3 
 { ¶ 5} With court approval, Holt later filed a first amended complaint in which Holt reasserted a claim for declaratory relief, and in which Holt asserted claims of fraud, negligent misrepresentation, and "estoppel" against Ohio Machinery. In this first amended complaint, Holt also sought, among other things, injunctive relief that prevented Ohio Machinery from invoking alternative dispute resolution under the agreement; a declaration that Holt did not breach the agreement; a declaration that certain accounting practices by Holt were in accordance with generally accepted accounting principles ("GAAP"); and rescission of the asset purchase agreement.
 {¶ 6} Asserting claims of breach of contract, fraud, and negligent misrepresentation, and seeking declaratory and injunctive relief, Ohio Machinery counterclaimed against Holt. In this counterclaim, Ohio Machinery sought, among other things, a declaration that all disputed matters should be submitted to dispute resolution as stated in the agreement.
 {¶ 7} Ohio Machinery later moved for summary judgment as to Holt's claims of fraud, negligent misrepresentation, and "estoppel." See, generally, Black's Law Dictionary (8 Ed.Rev.2004) 1476 (defining "partial summary judgment" as "[a] summary judgment that is limited to certain issues in a case and that disposes of only a portion of the whole case"). For its part, Holt moved for summary judgment as to Ohio Machinery's claims of fraud and negligent misrepresentation.
 {¶ 8} After the parties submitted their summary judgment motions to the trial court, the parties later dismissed without prejudice their respective claims of negligent misrepresentation, and Ohio Machinery also dismissed without prejudice its counterclaim of fraud. *Page 4 
 {¶ 9} Upon Ohio Machinery's motion, the trial court ordered the parties to proceed with arbitration and stayed all claims relating to Ohio Machinery's objections to the final price in the final closing statement. From this order compelling arbitration, Holt appealed to this court. See Holt Co. of Ohio v. Ohio Machinery Co., Franklin App. No. 05AP-1280, 2007-Ohio-2870 ("Holt I"). Upon Holt's motion, the trial court stayed enforcement of its arbitration determination pending the outcome of Holt I. Finding that the trial court erred by holding claims of breaches of representations and warranties were within the scope of a limited arbitration provision, the Holt I court reversed the trial court's judgment and remanded the matter to the trial court for further proceedings. Id. at ¶ 42.
 {¶ 10} The trial court ultimately adjudicated the parties' summary judgment motions. Finding that Ohio Machinery was entitled to judgment, as a matter of law, as to Holt's claims of fraud, estoppel or promissory estoppel, and finding that Holt was not entitled to the remedy of rescission because it could not, as a matter of law, prevail on its fraud claim, the trial court granted Ohio Machinery's motion for summary judgment. The trial court also dismissed with prejudice Holt's claims of fraud and estoppel or promissory estoppel, and denied as moot Holt's summary judgment motion. In its judgment, the trial court acknowledged that there was "no just reason for delay," thereby complying with the requirements of Civ.R. 54(B). See, generally, Civ.R. 54(B).[1] *Page 5 
 {¶ 11} From the trial court's judgment in favor of Ohio Machinery, Holt now appeals and asserts the following assignments of errors for our consideration:
 Appellants' Assignment of Error No. 1
 The trial court committed reversible error because it ignored summary judgment standards when it improperly shifted the burden of establishing injury to the nonmoving party and failed to construe the evidence in the light most favorable to the nonmoving party.
 Appellants' Assignment of Error No. 2
 The trial court committed reversible error in granting summary judgment for Appellee on Appellants' fraud and estoppel claims because Appellants have suffered a compensable injury.
 Appellants' Assignment of Error No. 3
 The trial court committed reversible error in ruling that Appellants were not entitled to the remedy of rescission because Appellants did suffer actual injury, and in the alternative, a party seeking rescission based upon a claim of fraud is not required to establish actual damages.
 Appellants' Assignment of Error No. 4
 To the extent that the trial court ruled on Appellants' fraud and estoppel affirmative defenses, it erred because the defenses were not before the court for consideration and, even if they were, Appellants established actual damages.
 {¶ 12} A review of the record shows that the trial court did not adjudicate Ohio Machinery's "Breach of Contract / Breach of Representations / Warranties" counterclaim, *Page 6 
which Ohio Machinery asserted in response to Holt's first amended complaint. In its judgment, the trial court also failed to adjudicate the parties' claims for declaratory relief.[2] See, also, Holt I, at ¶ 40 (finding that whether Holt's accounting practices were in compliance with GAAP and whether Holt breached representations and warranties under the agreement were outside the scope of dispute resolution provisions).
 {¶ 13} In State v. Peagler (1996), 76 Ohio St.3d 496, the Supreme Court of Ohio held:
 * * * [W]hile an appellate court may decide an issue on grounds different from those determined by the trial court, the evidentiary basis upon which the court of appeals decides a legal issue must have been adduced before the trial court and have been made a part of the record thereof. A court of appeals cannot consider the issue for the first time without the trial court having had an opportunity to address the issue.
Id. at 501.
 {¶ 14} Accordingly, because the trial court did not adjudicate Ohio Machinery's counterclaim for breach of contract and the parties' claims for declaratory relief, we shall not address these claims for the first time in this appeal. Id.
 {¶ 15} Appellate review of a lower court's granting of summary judgment is de novo. Mitnaul v. Fairmount Presbyterian Church,149 Ohio App.3d 769, 2002-Ohio-5833, *Page 7 
at ¶ 27. "`De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'" Id., quoting Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378, citing Dupler v. Mansfield Journal Co., Inc. (1980),64 Ohio St.2d 116, 119-120, certiorari denied (1981), 452 U.S. 962,101 S.Ct. 3111.
 {¶ 16} Summary judgment is proper when a movant for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181, 183.
 {¶ 17} Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher, at 293; Vahila v. Hall (1997), 77 Ohio St.3d 421,430; Civ.R. 56(E).
 {¶ 18} Because Holt's first and second assignments of error are interrelated, we shall address them jointly.
 {¶ 19} By its first assignment of error, Holt asserts that the trial court prejudicially erred by granting summary judgment in favor of Ohio Machinery because the trial court *Page 8 
improperly shifted the burden of establishing injury to Holt and failed to construe the evidence in a light most favorable to Holt. By its second assignment of error, Holt asserts that the trial court prejudicially erred by granting summary judgment in favor of Ohio Machinery relative to Holt's claims of fraud and "estoppel" because Holt suffered a compensable injury.
 {¶ 20} The Supreme Court of Ohio has defined "fraud" as follows:
 Fraud is
 "`(a) representation or, where there is a duty to disclose, a concealment of a fact,
 "`(b) which is material to the transaction at hand,
 "`(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 "`(d) with the intent of misleading another into relying upon it,
 "`(e) justifiable reliance upon the representation or concealment, and
 "`(f) a resulting injury proximately caused by the reliance.'"
Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 475, certiorari denied (1999), 526 U.S. 1051, 119 S.Ct. 1357, quoting Cohen v. Lamko,Inc. (1984), 10 Ohio St.3d 167, 169, quoting Friedland v. Lipman (1980),68 Ohio App.2d 255, paragraph one of the syllabus. See, also, Burr v.Stark Cty. Bd of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus; Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42, 49, rehearing denied, 60 Ohio St.3d 720; State v. Warner (1990), 55 Ohio St.3d 31, 53, at fn. 17, certiorari denied (1991), 499 U.S. 961, 111 S.Ct. 1584. *Page 9 
 {¶ 21} Accordingly, "[t]o prove fraud, a plaintiff must demonstrate: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation; and (6) a resulting injury proximately caused by the reliance."Dietrick v. Am. Mtge. Solutions, Inc., Franklin App. No. 05AP-154,2007-Ohio-839, at ¶ 16, citing Williams, at 475; Gaines v.Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55. See, also,Korodi v. Minot (1987), 40 Ohio App.3d 1, 3-4; Yo-Can, Inc. v. TheYogurt Exchange, Inc., 149 Ohio App.3d 513, 2002-Ohio-5194, at ¶ 42.
 {¶ 22} "Common law fraud must be pleaded with particularity under Civ.R. 9(B), a rule that places a higher burden than is normally required upon the person asserting such a claim to support general allegations with specific facts." Reasoner v. State Farm Mut. Auto. Ins.Co. (Mar. 5, 2002), Franklin App. No. 01AP-490, citing Carter-JonesLumber Co. v. Denune (1999), 132 Ohio App.3d 430, 433, appeal not allowed, 86 Ohio St.3d 1443. "The particularity required includes `the time, place and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud.'" Reasoner, quoting Carter-Jones LumberCo., at 433, quoting Baker v. Conlan (1990), 66 Ohio App.3d 454, 458, dismissed, jurisdictional motion overruled by, 53 Ohio St.3d 703.
 {¶ 23} "Estoppel," on the other hand, "is a term that parties frequently use quite loosely." Mark-It Place Foods, Inc. v. New PlanExcel Realty Trust, Inc., 156 Ohio App.3d 65, 2004-Ohio-411, at ¶ 49, citing In re Estate of Cecere (1968), 17 Ohio Misc. 101, 104. *Page 10 
"In its broadest sense, `estoppel' is a bar that precludes a person from denying a fact that has become settled by an act of the person himself." Mark-It Place Foods, Inc., at ¶ 49. Cf. Black's Law Dictionary (8 Ed.Rev.2004) 589 (defining "estoppel" as, among other things, "[a] bar that prevents one from asserting a claim or right that contradicts what one has said or done before or what has been legally established as true"). Within the concept of estoppel are the doctrines of equitable estoppel and promissory estoppel.
 {¶ 24} "Equitable estoppel precludes recovery when `one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment."Glidden Co. v. Lumbermens Mut. Cas. Co., 112 Ohio St.3d 470,2006-Ohio-6553, at ¶ 52, quoting State ex rel. Chavis v. Sycamore CitySchool Dist. Bd. of Edn. (1994), 71 Ohio St.3d 26, 34. See, also,Hortman v. Miamisburg, 110 Ohio St.3d 194, 2006-Ohio-4251, at ¶ 18-20
(discussing equitable estoppel).
 {¶ 25} "`The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice. It is available only in defense of a legal or equitable right or claim made in good faith and should not be used to uphold crime, fraud, or injustice.'"Doe v. Archdiocese of Cincinnati, 109 Ohio St.3d 491, 2006-Ohio-2625, reconsideration denied, 110 Ohio St.3d 1444, 2006-Ohio-3862, at ¶ 43, quoting Ohio State Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143,145. See, also, Glidden Co., at ¶ 52, citing State ex rel. Richard v.Bd. of Trustees of Police Firemen's Disability Pension Fund (1994),69 Ohio St.3d 409, 414 (explaining that for equitable estoppel to lie "[g]enerally, actual or constructive fraud is required").
 {¶ 26} By contrast, the Supreme Court of Ohio has observed that "[promissory estoppel has been defined * * * as `[a] promise which the promisor should reasonably *Page 11 
expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'"Hortman, at ¶ 23, quoting Restatement of the Law 2d, Contracts (1981), 242, Section 90. See, also, Black's Law Dictionary (8Ed.Rev.2004) 591 (defining "promissory estoppel"); Hortman, at ¶ 24.
 {¶ 27} "Thus, the key distinction between the two doctrines [of equitable and promissory estoppel] is whether the estoppel arises from a promise and not a misstatement of fact." Id. See, also, First FederalSav. Loan Assn. of Toledo v. Perry's Landing, Inc. (1983),11 Ohio App.3d 135, 145 (observing that in the case of equitable estoppel a representation must be factual, not promissory).
 {¶ 28} "The difference between the doctrines [of equitable estoppel and promissory estoppel] can best be explained by observing that promissory estoppel is used to create a cause of action, whereas equitable estoppel is used to bar a party from raising a defense or objection it otherwise would have, or from instituting an action which it is entitled to institute. Promissory estoppel is a sword, and equitable estoppel is a shield." Jablon v. United States (C.A.9, 1981),657 F.2d 1064, 1068. See, also, Doe, at ¶ 43 (stating that equitable estoppel "is available only in defense of a legal or equitable right or claim made in good faith") (emphasis added); First Federal Sav. LoanAssn., at 144 (stating that "estoppel is, according to the usual statement, a shield, not a sword. It does not furnish a basis for damages claims, but a defense against the claim of the stopped party"). *Page 12 
 {¶ 29} Because promissory estoppel, not equitable estoppel, properly is used to create a cause of action, we construe Holt's "estoppel" claim in its first amended complaint as a claim of promissory estoppel.
 {¶ 30} "A claim of promissory estoppel involves four elements: (1) there must be a clear and unambiguous promise, (2) the party to whom the promise was made must rely on it, (3) the reliance is reasonable and foreseeable, and (4) the party relying on the promise must have been injured by the reliance." Patrick v. Painesville Commercial Properties,Inc. (1997), 123 Ohio App.3d 575, 583, citing Doe v. Adkins (1996),110 Ohio App.3d 427, 437.
 {¶ 31} In its judgment, the trial court found that Ohio Machinery was entitled to judgment, as a matter of law, as to Holt's claims of fraud and promissory estoppel. Under Civ.R. 56(C), Ohio Machinery, as the movant, bore the initial burden of identifying those portions of the record demonstrating the absence of a material fact. Dresher, at 293; Civ.R. 56(C).
 {¶ 32} As to the issue of whether Holt was injured by Ohio Machinery's purported fraudulent representations, Ohio Machinery argued before the trial court that Holt, as a matter of law, could not demonstrate detrimental reliance or injury because Holt was compensated the full amount of the parties' negotiated sale price under the agreement and, notwithstanding Ohio Machinery's refund demand, Holt had not refunded any money to Ohio Machinery. Ohio Machinery therefore reasoned that Holt had not been injured by any purported fraudulent representations.
 {¶ 33} Because Holt could not demonstrate that it was injured, Ohio Machinery further argued that Holt could not prove all the requisite elements of fraud or promissory *Page 13 
estoppel and, as a consequence, Holt, as a matter of law, could not prevail on its claims of fraud and promissory estoppel.
 {¶ 34} Holt, for its part, does not dispute that it received the full amount of payment as required by the parties' agreement. Holt also does not appear to contend that the negotiated amount that it received under the parties' agreement is not as good as it would have been if it had not entered into the transaction at all.
 {¶ 35} By indisputedly demonstrating that Holt was paid the entire sale price under the agreement, Ohio Machinery discharged its initial burden under Civ.R. 56(C) regarding whether Holt, as a matter of law, could prove all the requisite elements of fraud or promissory estoppel. By showing that Holt suffered no injury because it received the negotiated sale price, the burden under Civ.R. 56 shifted to Holt to respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue existed for trial. SeeDresher, 293; Vahila, at 430; Civ.R. 56(E).
 {¶ 36} In response to Ohio Machinery's claim that Holt suffered no injury because it received the benefit of its bargain under the agreement, Holt argued in conclusory fashion that it suffered reputational harm, lost profits, and legal fees, and thus it was proximately injured by Ohio Machinery's purported misrepresentation. We find, however, no evidence of the kind required under Civ.R. 56 to support Holt's conclusory claims of reputational harm or lost profits. Furthermore, Holt's contention that its incurrence of legal fees relative to drafting and reviewing documents prior to the closing of the parties' deal demonstrates injury is unconvincing.
 {¶ 37} "It is a fundamental rule of the American legal system that litigants are responsible for their own costs of representation."Westgate Hawks Boys Club, Inc. v. *Page 14 Brunner (Dec. 28, 1995), Franklin App. No. 95APE07-873, appeal not allowed (1996), 75 Ohio St.3d 1511. See, also, Clem v. Steiner, Portage App. No. 2002-P-0056, 2003-Ohio-4865, at ¶ 24, citing Sorin v. Bd. ofEdn. of Warrensville Heights School Dist. (1976), 46 Ohio St.2d 177, 179
(stating that "[u]nder the `American Rule', each party involved in the litigation is responsible for his or her own attorney's fees").[3]
 {¶ 38} Also, "[i]t is settled law that attorney fees can only be awarded in fraud cases where punitive, or exemplary damages would be appropriate." Liming v. Liming (1996), 117 Ohio App.3d 617, 622. "In each case of alleged fraud the plaintiff, in order to be awarded punitive damages, must establish not only the elements of the tort itself but, in addition, must either show that the fraud is aggravated by the existence of malice or ill will, or must demonstrate that the wrongdoing is particularly gross or egregious." Logsdon v. Graham FordCo. (1978), 54 Ohio St.2d 336, 340, at fn. 2.
 {¶ 39} Here, based on the evidence in the record, under Civ.R. 56, Holt has not satisfied its burden of establishing specific facts showing that a genuine issue existed for trial as to whether it suffered damages, a requisite element of fraud. Thus, absent a showing that it has satisfied all the elements of the common law tort of fraud, Holt cannot, as a matter of law, successfully argue that it is entitled to attorney fees. Logsdon, at 340.
 {¶ 40} Also, the parties' own agreement provides no support for Holt's contention that its incurrence of attorney fees demonstrates injury. Section 14.3(a) of the Agreement provides that "[w]hether or not the transactions contemplated hereby are consummated, each Party hereto shall bear its own costs and expenses (including attorneys' fees), *Page 15 
except that each Party hereto agrees to pay the costs and expenses (including reasonable attorneys' fees and expenses) incurred by the other Party in successfully (i) enforcing any of the terms of this Agreement or (ii) proving that another Party breached any of the terms of this Agreement." Accordingly, except as provided in Section 14.3(a), under the agreement both Holt and Ohio Machinery were required to bear their own costs and expenses, including attorney fees.
 {¶ 41} Moreover, as to Holt's promissory estoppel claim, after construing the evidence most favorably in Holt's favor, our de novo review shows no evidence of "a clear and unambiguous promise" by Ohio Machinery, which is necessary to support Holt's claim of promissory estoppel. See Patrick, supra, at 583. Furthermore, as Holt received the full price for the transaction as negotiated by the parties, and as Holt does not appear to contend that the negotiated amount that it received under the agreement is not as good as it would have been if it had not entered into the transaction at all, even if Ohio Machinery made "a clear and unambiguous promise," Holt cannot show that it detrimentally relied on such a promise.
 {¶ 42} Because, even construing the evidence and all reasonable inferences drawn from this evidence in favor of Holt, Holt cannot demonstrate a clear and unambiguous promise or detrimental reliance, we must therefore conclude that Holt cannot prove all the requisite elements of promissory estoppel. As a consequence, Holt has not discharged its burden under Civ.R. 56 of demonstrating that there exists a genuine issue of material fact as to the issue of promissory estoppel.
 {¶ 43} For the reasons set forth above, we therefore find that the trial court did not improperly shift the burden of establishing injury to Holt, did not fail to construe the *Page 16 
evidence in a light most favorable to Holt, and did not err by granting summary judgment in favor of Ohio Machinery relative to Holt's claims of fraud and promissory estoppel.
 {¶ 44} Accordingly, we overrule Holt's first and second assignments of error.
 {¶ 45} By its third assignment of error, Holt asserts that the trial court prejudicially erred by finding that it was not entitled to the remedy of rescission because Holt sustained actual injury. In the alternative, Holt asserts that the trial court erred because a party seeking rescission of a contract based on a claim of fraud is not required to establish actual damages.
 {¶ 46} As discussed above, notwithstanding Holt's contentions to the contrary, we have already determined that Holt did not suffer actual injury due to Ohio Machinery's purported misrepresentation. Thus, Holt's claim that actual injury properly serves as a basis for rescission of the parties' agreement is not well-taken.
 {¶ 47} "Rescission is generally available as a remedy or defense for a nondefaulting party and is accompanied by restitution of any partial performance, thus restoring the parties to their precontractual positions." Black's Law Dictionary (8 Ed.Rev.2004) 1332. See, also,Areawide Home Buyers, Inc. v. Manser, Mahoning App. No. 04 MA 154,2005-Ohio-1340, at ¶ 24 (stating that "[rescission is an equitable remedy that invalidates an agreement").
 {¶ 48} "Generally, without fraud, duress, undue influence, or mistake, one party to a contract cannot rescind or cancel it without the consent of the other party." Owens v. Heilmann (Feb. 12, 1996), Butler App. No. CA95-04-081, citing 18 Ohio Jurisprudence 3d (1980) 219, Contracts, Section 296. *Page 17 
 {¶ 49} In Keyerleber v. Euclid Congregation of Jehovah'sWitnesses (1957), 103 Ohio App. 423, the Eighth District Court of Appeals observed that "[a] court of equity, `[i]f it finds that a clear right has been invaded, and that redress can be secured by putting the parties back in their original position, it will seldom refuse its aid because the plaintiff can show no substantial damage to his pecuniary interests.'" Id. at 430, quoting Brett v. Cooney (1902), 75 Conn. 338,341, 53 A. 729. Thus, applying Keyerleber, there is authority under Ohio law to support Holt's claim that it is not required to show pecuniary loss to support a demand for rescission of a contract. See, also, 27 Williston on Contracts (4 Ed.2003), 105-112, Section 69:48.
 {¶ 50} Nonetheless, even though Holt may not be required to show pecuniary loss to support a demand for rescission, for the remedy of rescission to be available, Holt is required to show a legally cognizable basis to support a demand for rescission. As discussed above, however, even construing the evidence and reasonable inferences drawn from this evidence in favor of Holt, we find no evidence to support Holt's claims of fraud or promissory estoppel, which Holt asserted as justifying its demand for rescission of the parties' agreement. Thus, absent any legally cognizable basis to support Holt's claim for rescission, we find Holt's third assignment of error is unavailing.
 {¶ 51} For the reasons set forth above, we therefore overrule Holt's third assignment of error.
 {¶ 52} By its fourth assignment of error, Holt asserts that its affirmative defenses of fraud and estoppel were not before the trial court and, therefore, the trial court erred by considering these defenses in its judgment. According to Holt, when the trial court *Page 18 
ordered the parties to proceed with arbitration, the trial court effectively severed those claims and all defenses related to these claims.
 {¶ 53} In both its entry and decision, the trial court makes no express references to Holt's affirmative defenses. Thus, based on our review, it does not appear that the trial court entered a ruling as to these affirmative defenses as Holt's fourth assignment of error suggests.
 {¶ 54} In its order compelling arbitration, the trial court stated in part:
 NOW, IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that for the reasons stated in the Decision of this Court * * *, which is incorporated herein as if fully repeated, that the claims relating to Ohio Machinery Co.'s objections to the final price in the final closing statement pursuant to Section 4.1 of the Asset Purchase Agreement referred to in Counts One and Four of Plaintiff's Amended Complaint and Count I of Defendants' Counterclaim are hereby stayed since they are subject to an enforcible arbitration procedure provided in Section 4.4 of the Asset Purchase Agreement between the parties dated April 25, 2003. The parties herein are thus ordered to proceed with the arbitration procedure outlined in Section 4.4 of the Asset Purchase Agreement.
(Entry, filed November 10, 2005.)
 {¶ 55} Since the trial court issued its order, however, Holt I was decided, wherein this court reversed the trial court, remanded the matter to the trial court, and stated in part:
 * * * We agree with appellants that the dispute resolution provision at issue is narrow in scope, limiting objections to matters involving the "calculation of the Final Closing Statement and the Adjustment Amount," and does not provide for the independent accountant or the arbitration procedures to resolve whether the parties breached the agreement. Rather, in considering the language of the agreement, we find that the parties bargained for the right to litigate matters involving an alleged breach of warranty for *Page 19 
failure to comply with GAAP. Here, the allegations in appellees' objections and counterclaim, asserting that the book value of the inventory was based upon methodology not in compliance with GAAP, and, therefore, a breach of representations and warranties, involve more than a mere dispute as to a calculation regarding the final closing statement and the adjustment amount. Finding that these matters fall outside the scope of the dispute resolution provisions, we agree with appellants that the trial court erred in ruling that the claims were subject to arbitration.
Id. at ¶ 40.
 {¶ 56} Because, as determined by Holt I, the scope of dispute resolution procedures under the parties' agreement properly was limited to matters involving the calculation of the final closing statement and adjustment amount, the trial court's cession of jurisdiction to alternative dispute resolution was limited in scope. As a result, jurisdiction of other disputed matters remained with the trial court. Because by implication jurisdiction of other disputed matters, such as claims of fraud and estoppel, remained with the trial court, the trial court therefore properly could have considered affirmative defenses that were raised in relation to these claims. See, generally, State ex rel.Bosch v. Indus. Comm. of Ohio (1982), 1 Ohio St.3d 94, 98, citingPeerless Electric Co. v. Bowers (1955), 164 Ohio St. 209, 210 (stating that "[i]n the absence of a specific provision in a decision declaring its application to be prospective only * * * the decision shall be applied retrospectively as well: `* * * [t]he general rule is that a decision of the court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law'"); see, also,Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3 (observing that "the [law-of-the-case] doctrine provides that the decision of a reviewing court in a case remains the law of that *Page 20 
case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels").
 {¶ 57} For the reasons set forth above, Holt's fourth assignment of error is therefore overruled.
 {¶ 58} Accordingly, having overruled Holt's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and TYACK, JJ., concur.
[1] Civ.R. 54(B) provides in part that a "court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."
In State ex rel. A D Limited Partnership v. Keefe (1996),77 Ohio St.3d 50, 56, reconsideration denied, 77 Ohio St.3d 1483, the Supreme Court of Ohio explained: "Civ.R. 54(B) must be followed when a case involves multiple claims and/or multiple parties. * * * An order adjudicating one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." Id. (Citations omitted.) See R.C. 2505.02(B)(1) (providing that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment"); see, also, Yavitch Palmer Co., L.P.A. v. U.S. Four, Inc., Franklin App. No. 05AP-294,2005-Ohio-5800, at ¶ 8, appeal not allowed (2006), 108 Ohio St.3d 1511,2006-Ohio-1329, citing Hamilton Cty. Bd. of Mental Retardation Developmental Disabilities v. Professionals Guild of Ohio (1989),46 Ohio St.3d 147, 153; Raphael v. Brigham (Nov. 9, 2000), Franklin App. No. 00AP-328 (stating that "[f]or an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court"); Farmers MarketDrive-In Shopping Ctrs. v. Magana, Franklin App. No. 06AP-532,2007-Ohio-2653, at ¶ 12-14 (discussing R.C. 2505.02 and Civ.R. 54[B]).
[2] In its judgment entry filed on August 11, 2006, which incorporated the trial court's earlier decision of June 1, 2006, the trial court stated in part:
 On November 10, 2005, the court issued its order compelling arbitration and staying the claims and counterclaims relating to defendant's objections made pursuant to Section 4.1 of the Asset Purchase Agreement. This decision is currently before the Tenth District Court of Appeals. As the court's June 1, 2006 decision resolves all the claims not part of the pending appeal regarding arbitration, the court finds that there is no just reason for delay.
Id. at 2-3.
[3] In Clem, the court further observed, however, that a prevailing party may recover attorney fees under exceptions to the "American Rule." Id. at ¶ 24. The Clem court stated: "Those exceptions include: (1) a statute creating a duty to pay fees, (2) the losing party acted in bad faith, or (3) the parties contract to shift fees." Id., citingMcConnell v. Hunt Sports Enter. (1999), 132 Ohio App.3d 657. *Page 1