[Cite as *Velocity Constr. Servs., L.L.C. v. Ohio State Univ.*, 2019-Ohio-3267.]

| | |
|---|---|
| VELOCITY CONSTRUCTION SERVICES, LLC. | Case No. 2018-01500JD |
| Plaintiff/Counter Defendant | Referee Dale A. Crawford |
| v. | DECISION OF THE REFEREE |
| THE OHIO STATE UNIVERSITY | |
| Defendant/Counter Plaintiff | |

{¶1} This case is before the Court on a complaint brought by Plaintiff/Counter Defendant Velocity Construction Services (Velocity) for breach of contract and unjust enrichment. Defendant/Counter Plaintiff Ohio State University (OSU) filed a counterclaim alleging breach of contract, breach of express warranties, and fraud. On June 12, 2019, OSU moved for summary judgment on the liability portion of its counterclaim for fraud. Velocity did not file a response, and the Referee considers the motion unopposed. For the reasons set forth below, the Referee recommends the court grant OSU's motion.

**Standard of Review**

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that

> reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶3} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which states, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Factual Background**

{¶4} This case involves three separate contracts between Velocity and OSU for construction projects on buildings owned by OSU. (Velocity Complaint at ¶ 2-4; OSU Counterclaim at ¶ 3, 5.) The parties entered into the contracts through purchase order agreements. (Velocity Complaint at ¶ 1-4; OSU Counterclaim at ¶ 5.) The first contract was for the renovation of the ballroom in Lawrence Tower, which primarily involved the design and installation of a new ceiling grid and ceiling tiles along with new lighting and controls (Lawrence Tower Project). (Velocity Complaint at ¶ 10; OSU Counterclaim at ¶ 8.) The second contract was for the installation of replacement windows in Fechko

House, including the installation of new window frames and trim. (Fechko Window Project). (Velocity Complaint at ¶ 11; OSU Counterclaim at ¶ 23, Ex. B.) The third contract was for renovation of the heating, ventilating, and air conditioning (HVAC) system in Fechko House (Fechko HVAC Project). (Velocity Complaint at ¶ 12; OSU Counterclaim at ¶ 43, Ex. C.) All three contracts were terminated before any of the projects were completed. (Velocity Complaint at ¶ 26, 32, 41; OSU Counterclaim at ¶ 18, 39, 66.) The parties' respective pleadings offer competing accounts of the events leading up to the terminations.

{¶5} On February 15, 2019, OSU served Velocity with a set of discovery requests, including a request for admissions. Velocity failed to respond to the request for admissions, despite the fact that OSU agreed to multiple extensions of Velocity's response deadline. Consequently, the Referee deemed the matters set forth in the requests for admissions to be admitted pursuant to Civ.R. 36(A)(1). (Order of the Referee, July 12, 2019.) As a result, the following facts are in evidence:

(1) Velocity was required to use new material on the Lawrence Tower Project.

(2) Velocity, and/or its subcontractors, installed work on the Lawrence Tower Project which did not use new material, specifically the ceiling grid.

(3) Velocity knew that it was installing used materials, specifically the ceiling grid, on the Lawrence Tower Project and billed for new material.

(4) Velocity installed incorrectly sized ceiling tiles on the Lawrence Tower Project.

(5) Velocity never returned to the Lawrence Tower Project to re-install the correctly sized ceiling tiles on the Lawrence Tower Project.

(6) Velocity failed to install new wiring as required for the plans and specifications, for the new lighting system in the Lawrence Tower Project.

(7) The specifications on the Fechko Window Project required that the wood trim be pre-stained prior to installation.

(8) Velocity did not pre-stain the wood trim on the Fechko Window Replacement Project prior to installation.

(9) Velocity did not install new electrical service from the panel to the air conditioning units on the Fechko HVAC Project.

(10) Velocity specifically represented to OSU personnel that it had installed new electrical service from the panel to the air conditioning units on the Fechko HVAC Project.

(11) Velocity abandoned its work on the Fechko HVAC Project.

(12) Velocity abandoned its work on the Fechko Window Project.

(Motion for Summary Judgment, Ex. A-1 at 4-6.) On the basis of these admissions, OSU now moves for summary judgment on its claim for fraud. (Motion for Summary Judgment at 4-5.)

**Law and Analysis**

{¶6} At the outset, the Referee notes that OSU's motion for summary judgment is unopposed. "The failure to respond to a motion for summary judgment does not in and of itself mandate the granting of summary judgment in favor of the moving party." *Thompson v. Pingue Properties*, 10th Dist. No. 9APE07-881, 1996 Ohio App.LEXIS 1346, 6 (March 29, 1996). However, by failing to respond, the nonmoving loses the ability to contest the truth of the matters asserted in the moving party's Civ.R. 56 evidence. *Id.* Furthermore, "[a] litigant who fails to respond to a motion for summary judgment ordinarily may not later litigate the issues that could have been raised in the motion. If allowed, such practice would undermine the purposes of Civ.R. 56 and 60(B)

and create a ready avenue for delay." *Tankersely v. Scales*, 2d Dist. Montgomery No. 26299, 2004-Ohio-4964, ¶ 19.

> To prevail on a claim for fraud, a plaintiff must establish the following:
> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 73, 491 N.E.2d 1101 (1986) (internal citation omitted); *Morrow v. Reminger & Reminger Co., LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 20 (10th Dist.).

{¶7} Generally, the misrepresentation underlying a fraud claim must relate to "a past or existing fact, and not on promises or representations relating to future action or conduct." *Krukrubo v. Fifth Third Bank*, 10th Dist. Franklin No. 09AP-933, 2010-Ohio-1691, ¶ 9. Reliance on a representation is justifiable "if the representation does not appear unreasonable on its face, and if there is no apparent reason to doubt the veracity of the representation under the circumstances." 50 Ohio Jurisprudence 3d, Fraud and Deceit, Section 99. "The question of justifiable reliance is one, and the court must inquire into the nature of the transaction, the representation, and the relationship of the parties." *Berger v. Wade*, 1st Dist. Hamilton No. C-120863, 2014-Ohio-1262, ¶ 20; *see also Crown Property Dev. v. Omega Oil Co.*, 113 Ohio App.3d 647, 657, 681 N.E.2d 1343 (12th Dist.1996); *Jack Turturici Family Trust v. Carey*, 2nd Dist. Miami No. 2012 CA 8, 2012-Ohio-6191, ¶ 25; *Bender v. Logan*, 4th Dist. Scioto No. 14CA3677, 2016-Ohio-5317, ¶ 53. If justifiable reliance is established, a plaintiff must present

evidence that an injury was suffered as a proximate result. *Holt Co. v. Ohio Machinery Co.*, 10th Dist. Franklin No. 06AP-911, 2007-Ohio-5557.

{¶8} Based on the evidence before the Referee under Civ.R. 56, OSU met its initial burden of establishing there is no genuine issue of material fact on any element of its claim for fraud with respect to the Lawrence Tower Project and the Fechko HVAC Project. Velocity's admissions show that Velocity made affirmative representations to OSU concerning those projects. By billing OSU for new materials on the Lawrence Tower Project, Velocity effectively represented that it used new materials on that project. Additionally, Velocity represented to OSU that it installed electrical service from the panel to the air conditioning units on the Fechko HVAC Project. Both representations were material to the transactions at hand. One representation directly concerned the condition of the materials used on the Lawrence Tower Project, and the other concerned the completeness of the Fechko HVAC Project. Both representations were also false, and Velocity knew as much. Velocity's admissions establish that Velocity knew the ceiling grid it installed for the Lawrence Tower Project was comprised of used materials. The admissions also establish that Velocity did not, in fact, install electrical service to the air conditioning units in the HVAC project. These false representations were intended to mislead OSU, as evidenced by Velocity's admissions that it billed OSU for new materials on the Lawrence Tower Project and specifically represented to OSU personnel that electrical service was installed on the Fechko HVAC Project.

{¶9} Given the circumstances and the nature of the relationship between Velocity and OSU, OSU's reliance on Velocity's misrepresentations was justifiable. As the construction contractor directly responsible for completing the projects, Velocity was in a better position than OSU to know the condition of the materials used in the Lawrence Tower Project and the level of progress—or lack thereof—on the Fechko HVAC Project.

There is no evidence to suggest that Velocity's representations were unreasonable on their face or that OSU had any reason to doubt the representations.

{¶10} Finally, the admissions establish that OSU suffered injury because of its justifiable reliance on material misrepresentations by Velocity. On the Lawrence Tower Project, OSU was left with a used ceiling grid installed in its building, despite the fact that the project required new material. On the Fechko HVAC project, OSU was stuck with an incomplete HVAC system renovation that Velocity abandoned before installing electrical service. The extent of OSU's injuries is not yet known. OSU has not presented evidence about the amount of its injuries or damages and concedes that this remains to be established at trial. (Motion for Summary Judgment at 5.) Accordingly, the Referee expresses no opinion at this time concerning the amount of OSU's damages.

{¶11} Because OSU met its initial burden of presenting evidence showing that there is no genuine issue of material fact regarding its claim for fraud, Velocity bore the reciprocal burden of presenting specific facts showing that a genuine issue does remain for trial. By failing to oppose OSU's motion, Velocity failed to carry this burden. Construing all evidence in the light most favorable to Velocity, the Referee concludes there is no genuine issue of material fact that Velocity knowingly made material misrepresentations on which OSU justifiably relied and these misrepresentations proximately caused injury to OSU. As a matter of law, Velocity is liable to OSU for fraud with respect to the Lawrence Tower and Fechko HVAC projects.

**Conclusion**

{¶12} Based upon the foregoing, the Referee finds that there are no genuine issues of material fact concerning the liability portion of OSU's claim for fraud and OSU is entitled to judgment as a matter of law. Accordingly, the Referee recommends the Court grant OSU's motion for partial summary judgment, render judgment in favor of

OSU on the liability portion of it claim for fraud with respect to the Lawrence Tower Project and Fechko HVAC Project, and defer the issue of OSU's damages for trial.

{¶13} *A party may file written objections to the referee's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R.53(D)(4)(e)(i).  If any party timely files objections, any other party may file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objections to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

 

DALE A. CRAWFORD
Referee

Filed July 29, 2019
Sent to S.C. Reporter 8/15/19